No. 30,222.

ANNIE KEIR, *Appellee*, v. MRS. WILL TRAGER and ANNA MARIE
TRAGER, *Appellants*.

(7 P. 2d 49.)

Opinion
filed January 30, 1932.

*Arthur J. Stanley* and *Arthur J. Stanley, Jr.*, both of Kansas City, for the
appellants.

*C. W. Gorsuch, C. B. Little*, both of Olathe, *John C. Nipp* and *E. E.
Thompson*, both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This action was brought to recover damages growing
out of the collision of two automobiles. The plaintiff prevailed,
and the defendants appeal.

The principal contention of the appellants is that the court erred
in overruling their demurrer to appellee's evidence.

The accident occurred on highway 73 where the roadway known
as Sixty-third street enters the highway. Highway 73 is an eighteen-
foot brick highway with concrete ribbons on either side. Sixty-
third street is a dirt road covered with loose rock or gravel. It
enters the highway at right angles, but does not cross it. At the
point where Sixty-third street enters the highway, there is a stop
sign. On July 10, 1930, the appellee was driving south on the high-

way, operating an Essex sedan equipped with nonskid tires and brakes in perfect condition. She was accompanied by her daughter. When she was about 235 feet north of the street she was driving about twenty-five miles per hour. She looked to the southwest and saw the appellants' car proceeding east on Sixty-third street at about thirty-five miles per hour. A house stood on the northwest corner of the junction, and for a short distance appellants' car was not visible to the appellee. Appellee testified:

"I next saw this car after it reappeared in front of the house and I continued the same speed in my automobile. I was relying on the car stopping.

"Q. Did you slacken your speed any? A. I didn't feel I had to slacken my speed.

"Q. You didn't slacken it then, did you? A. No.

"I was 65 feet from the intersection when I came past the Smith house and the Trager car was about 135 feet west of it. It was traveling at the same rate of speed as it was when I saw it up further west when I first saw it.

"I took my foot off the gas and that is all I did. It slowed up my car some. I was going forward to the intersection and this car was coming right down in front of me.

"I did not then see there was going to be a collision; it came too fast. I have never had occasion to try to stop my car so suddenly in driving twenty or twenty-five miles an hour.

"I put on my brakes when I seen I could not avoid a collision.

"Q. At what point were you? How close to the intersection were you when you saw you couldn't avoid a collision? A. Near enough to make me feel I had to try to stop it.

"Q. Can't you stop an Essex car with four-wheel brakes, in first-class condition, that had been overhauled within two weeks before an accident, when it was going 20 to 25 miles an hour, with the gas shut off, in less than 65 feet? A. I don't know how to answer that question because I did the very best I could to stop the accident and I couldn't tell you the speed or the measurement. When a woman gets in such a position as I was thrown that day, I would just be telling the court a lie if I put it in feet.

"I was relying entirely on the fact that I was on a state highway and I had the right of way and I expected the other car to stop, but I began to do something by taking my foot off the gas, but I did not make an attempt to stop the car until I saw the other car was not stopping. . . . I put on my brakes about four or five feet from the point of collision. My tires did not skid; my tires were nonskid tires."

The testimony of appellee's daughter does not differ essentially from the testimony of the appellee. A witness who appeared on the scene of the accident shortly after it occurred testified that the appellant, Anna Marie Trager, said: "It is all my fault." Evidence was also adduced relating to the extent of the injury. To this evi-

dence the appellants demurred, "for the reason the case made by the plaintiff conclusively proves the plaintiff to have been guilty of contributory negligence as a matter of law and she is not entitled to recover." The court overruled the demurrer, and this is assigned as error.

The general rule is that the defense of contributory negligence is a question of fact to be determined by the jury. It is for the jury to determine, considering the special circumstances and surroundings of each particular case, whether the conduct of the parties was such as would be expected of a reasonable, prudent person. (*Insurance Co. v. Railroad Co.,* 110 Kan. 4, 202 Pac. 582.) In considering a demurrer all of the testimony favorable to the plaintiff must be accepted as true. The court does not weigh testimony when considering a demurrer, and if the facts relating to contributory negligence are such that reasonable minds might reach different conclusions thereon, it is a question for the jury to determine. (*Zumbrun v. City of Osawatomie,* 130 Kan. 719, 288 Pac. 584; *Lilly v. Wichita Railroad & Light Co.,* 127 Kan. 527, 274 Pac. 205.)

The appellants insist that the appellee, under the circumstances in this case, had no right to rely on the stop sign at the junction of the street and highway; that it was the duty of the appellee, having admitted that she saw the appellants' car approaching the highway, to stop her car and concede the right of way to the appellants. We glean from the record that highway 73 is a state or federal highway, and that the stop sign at the entrance of the street into the highway was placed there under the direction of the state highway commission. It was therefore unlawful for the appellants to enter the highway without coming to a full stop. (R. S. 1931 Supp. 8-122.) The law is well established that the operator of an automobile in a public highway may assume others using the highway will observe the law of the road, and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Kersting v. Reese,* 123 Kan. 277, 255 Pac. 74; 1 Berry on Automobiles, 6th ed., p. 189, sec. 225.) The appellee was acting wholly within her rights in assuming that the appellants would stop before entering the highway, and she cannot be charged with negligence in acting upon such assumption. She can only be charged with negligence under such circumstances from the time that she had knowledge that the appellants intended to disobey the stop

sign and enter upon the highway. After she had such knowledge she was bound to use the care of an ordinarily prudent person.[1]

The demurrer, of course, admits the negligence of the appellants in disobeying the stop sign, and the appellee's testimony is that when she observed that the appellants did not intend to stop she put on her brakes and attempted to stop the car and avoid the collision. Under these facts and circumstances we cannot say that the appellee was guilty of contributory negligence as a matter of law, and the trial court properly overruled the demurrer to the evidence.

It is next contended that the court erred in instructions numbered three and six. The court in instruction number three instructed the jury that any person driving an automobile on any highway is bound to use due care and prudence, having regard for the safety of others who may be using the highway, and that it is incumbent upon such person to have his car under proper control and be on the outlook for others who may be using the highway, or about to enter thereon, and to use the care and caution of a reasonable, prudent person, and that such obligation is especially binding on the drivers of automobiles as they approach a highway intersection. The appellants concede that thus far the instruction correctly states the law, but seriously object to the following:

"Such drivers are bound by law to observe and heed all regularly established highway warning signs and signals. And this rule applies particularly to persons who are about to enter onto a main highway or thoroughfare from a secondary road or highway, for persons driving on a main thoroughfare or highway are deemed to have the right of way over persons approaching the same from a secondary road or highway intersection at the same time."

The appellants contend that this instruction establishes an aristocracy of highways in that it gives one highway a preference over another. The court in instruction number two told the jury that highway 73 was a main highway, or primary road, and that Sixtythird street was a secondary highway leading into the main highway. Appellants cite *Kersting v. Reese,* supra, as authority that there is no rule of the road requiring preference. In this the appellants overlook the suggestion of the court that it was within the province of the legislature to provide that a preference be given to motor vehicles driven over primary roads as against those traveling over side or secondary roads. The legislature appears to have acted upon the suggestion of the court in that it subsequently amended the statute and enacted R. S. 1931 Supp. 8-122. This statute directs

the state highway commission to erect signs at entrances of intersecting state and federal highways notifying drivers of vehicles to come to a full stop before entering or crossing such designated highway, and makes it unlawful for the driver to disobey the sign. The discrimination thus made in highways does not justify one traveling on a primary highway in plunging ahead regardless of consequences, nor in the failure to exercise ordinary care to avoid injury to others, but it must be considered in determining the question of negligence.

The appellants insist that instruction number six is erroneous in that it placed the burden on the appellants to make a case of contributory negligence from the evidence of the appellants alone instead of considering all of the evidence in the case. When this instruction is read in connection with the other instructions given we do not think the jury could have been misled by the language of the instruction.

The appellants also assign as error the court's ruling on the motion for a judgment on the particular findings of fact made by the jury. The findings of fact are not inconsistent with the general verdict.

The judgment is affirmed.