No. 34,103

NORMA CHAPMAN, *Appellee,* v. JESSIE BERGHOLT, *Appellant.*

(86 P. 2d 513)

Opinion filed January 28, 1939.

*M. P. Shearer,* of Wichita, and *J. A. McDermott,* of Winfield, for the appellant.

*O. Renn* and *George Templar,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries sustained in a collision of two automobiles alleged to have resulted from defendant's negligence. Defendant denied negligence on her part, and by cross petition charged plaintiff with negligence and sought to recover damages to her automobile. The trial resulted in a general verdict and judgment for plaintiff for $7,500. Defendant has appealed and contends her demurrer to plaintiff's evidence should have been sustained, and that the court erred in instructing the jury. No complaint is made of the amount of the verdict if plaintiff is entitled to recover.

The collision occurred at the intersection of a county and a township road, neither of which was a marked or through highway. The surrounding land was practically level. Nothing obstructed the view of either driver for as much as a quarter of a mile as she approached the intersection. As they approached the intersection plaintiff was driving south on the county road, the surface of which was gravel, 30 feet wide; defendant was driving west on the township road, which had a dirt surface, 20 feet wide.

Testimony on behalf of plaintiff was to the effect that she was driving south on the right-hand side of the graveled road at about 40 miles per hour. She first saw defendant's car when it was about a quarter of a mile east of the intersection, apparently traveling at about the same speed as plaintiff's. When plaintiff was within 50 feet of the intersection defendant was a little farther away. Plaintiff slowed her car to about 25 miles per hour. She thought defendant slowed her car to about the same speed. Plaintiff reached and entered the intersection first and on her own right-hand side of the road. After she had passed the center line of the intersection her car was struck by defendant's car, which was then traveling south of the center line of the east-and-west road. The front of defendant's car struck the rear part of the left side of plaintiff's car, which was thrown off its course and upset, injuring plaintiff. There was testimony also to the effect that soon after the collision defendant stated that as she approached or entered the intersection she was talking to persons in the back seat of her car and did not see plaintiff's car in the intersection until just as she was about to strike it,

and then it was too late to prevent the collision. It seems clear the court did not err in overruling the demurrer to the evidence.

Defendant requested fourteen instructions, and concedes that several of these were given, and parts of several others, either as requested or in substance, but complains that some of the instructions requested were not given. We have carefully examined the instructions given and are convinced that they were full and complete and that they omit no matter of consequence which should have been embodied therein. It will serve no useful purpose to set out these instructions and analyze them in detail. The principal criticism is that the court did not embody the details requested. So far as these were important and pertinent the instructions given covered every request. Each party had charged the other with negligence which caused the collision. The court correctly stated the rules of law pertaining to the rights of persons approaching intersections and the care which should be exercised by them, applied the same rules to each of the parties, and properly instructed the jury that if it found the collision to be the result of plaintiff's negligence she could not recover.

This was primarily a fact case. The rules of law applicable to it are neither novel nor intricate. The record indicates the case was tried fairly.

The judgment of the court below is affirmed.