No. 34,889

ROLLIN MARSHALL, *Appellee*, v. WALLACE BOUCHER, *Appellant*.

(107 P. 2d 698)

Opinion filed December 7, 1940.

*Carl Van Riper*, of Dodge City, and *H. R. Daigh*, of Ashland, for the appellant.

*F. C. Price*, *F. N. Cossman*, both of Ashland, and *E. C. Minner*, of Dodge City, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action for damages alleged to have been incurred when two automobiles collided at a street intersection. Judgment was for the plaintiff. Defendant appeals.

The only ground urged by the defendant in this appeal is that the undisputed evidence of the plaintiff discloses that he was guilty of contributory negligence, which should preclude his recovery.

The accident occurred at the intersection of Maple and Ash streets in Minneola. Plaintiff was driving north on Maple street and the defendant was driving east on Ash. The plaintiff charged that the defendant was negligent in six different particulars, one of which was operating his automobile at a greater rate of speed than was reasonable and proper, having due regard for other persons using the streets.

In the answer, the defendant set out a general denial of the allegations of the petition and further alleged that the plaintiff was guilty of contributory negligence in several particulars, among them operating his car at too high a rate of speed and failing to keep the proper lookout for other automobiles.

The jury in answer to special questions found that the plaintiff did keep a proper lookout for automobiles approaching the intersection and that none of the acts or omissions of the plaintiff as found by it constituted contributory negligence under the instructions of the court.

The streets are both about eighty feet wide, composed of dirt, with no paving and no curbing. The traveled portion of each street is about thirty-four feet.

Defendant points out that plaintiff testified that he was going north on Maple street about twenty miles per hour and the collision occurred about the center of the intersection; that as he approached the intersection he just drove on into the intersection and was watching his right and looking ahead and to the left also.

The plaintiff points out especially the following question and answer in the testimony:

"Do you know about where you were when you looked to the left? A. I was approximately back about forty feet or such a matter from the center of the intersection; at the time I entered the intersection there were no other vehicles in it; as I proceeded north across the intersection Mr. Boucher's car came in from the west and struck my car. My car was one foot east of the center of Maple street with the front about one foot across the center of the

intersection; the left side of my car was about one foot east of the center of Maple street. The front end of Mr. Boucher's car hit my left rear wheel; the center of his bumper hit almost directly over the center of the wheel."

Defendant points out that after the impact the car of plaintiff turned over and around and was forty-two feet from the point of the impact when it finally came to rest and that the damage was very slight. Defendant argues from these physical facts that plaintiff must have been driving faster than the twenty miles an hour, which he testified he was traveling.

We are asked to conclude that such is the case notwithstanding the positive testimony of plaintiff as to his speed.

Under all the surrounding facts and circumstances the question of the speed at which plaintiff was driving was a proper one to be submitted to the jury along with the other facts which the jury was asked to determine before fixing a liability.

Appellant refers to the testimony of plaintiff that has been noted above and argues that this testimony is to the effect that plaintiff did not look to the left until he was actually in the intersection. We cannot quite give that effect to this testimony of the plaintiff.

In the counter abstract testimony is pointed out wherein plaintiff testified that as he approached the intersection he looked to the right, ahead and to the left, and that at the time he entered the intersection there was no other car in it. The jury was warranted in believing the above evidence of plaintiff. If he did look to the right and to the left just before he entered the intersection and did not see defendant coming, and defendant was not in the intersection when plaintiff entered it, then plaintiff was justified in concluding that it would be safe for him to enter it and go on across.

In *Keir v. Trager,* 134 Kan. 505, 7 P. 2d 49, this court said:

"The law is well established that the operator of an automobile in a public highway may assume others using the highway will observe the law of the road, and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (*Kersting v. Reese,* 123 Kan. 277, 255 Pac. 74; 1 Berry on Automobiles, 6th ed., p. 189, sec. 225.) The appellee was acting wholly within her rights in assuming that the appellants would stop before entering the highway, and she cannot be charged with negligence in acting upon such assumption." (p. 507.)

In *Cherry v. Hays,* 141 Kan. 346, 41 P. 2d 746, this court said, in commenting on *Keir v. Trager,* supra:

"The cited case also holds inferentially that under such circumstances the question whether the motorist on the main highway would be guilty of con-

tributary negligence in failing to slacken speed, as the statute directs, would be one for the jury to settle and should not be decided as a matter of law." (p. 349.)

The question of whether the plaintiff looked in both directions just before entering the intersection was for the jury under all the surrounding facts and circumstances and its finding on it was sustained by the evidence.

The judgment of the trial court is affirmed.

HARVEY, J., not sitting.