No. 35,464

C. T. Cruse, Administrator of the Estate of Mary Cruse, Deceased, *Appellee* and *Cross-appellant,* v. Raleigh R. Dole, *Appellant.*

(124 P. 2d 470)

filed April 11, 1942.

*Wayne Coulson,* of Wichita, argued the cause, and *C. H. Brooks, Howard T. Fleeson, Carl G. Tebbe* and *Paul R. Kitch,* all of Wichita and *J. G. Somers,* of Newton, were on the briefs for appellant.

*J. Rodney Stone,* of Newton, and *George R. Lehmberg,* of McPherson, argued the cause, and *Bernard Peterson,* of Newton, and *J. Rodney Rhoades,* of McPherson, were on the briefs for appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for wrongful death. The deceased person was Mary Cruse, who was survived by her husband and two adult daughters. The husband was appointed as administrator of his wife's estate and brought the action in his representative capacity.

The petition alleged that on October 27, 1940, Mary Cruse was riding in an automobile driven by her husband on a country road west of Newton, and in a collision with an automobile negligently operated by the defendant, she sustained injuries from which she died. The answer of the defendant, among other things, alleged the collision occurred solely as the result of negligence of the husband, who was then and there acting for his wife, and through the negligence of Mary Cruse. Plaintiff's reply properly denied allegations of agency.

Trial was had by a jury. Defendant's demurrer to plaintiff's evidence was overruled, and the trial proceeded. The jury answered special questions and returned a verdict in favor of plaintiff. Defendant's motions for judgment notwithstanding the verdict and for a directed verdict were denied and from those several rulings defendant appeals. Plaintiff's motion to set aside two answers to special questions was sustained in substance. His motion for a new trial was denied, and from the latter ruling he has appealed.

We shall consider first the defendant's contention the trial court erred in not sustaining his demurrer to plaintiff's evidence. The gist of this contention is that the plaintiff, in his individual capacity, and the deceased were each guilty of contributory negligence, and we review the testimony only as it pertains to that contention.

We first summarize the evidence with respect to the site of the accident, which occurred at an intersection of a county road running north and south and a township road running east and west. At the intersection there were no stop signs on either road. The county roadway was about twenty-eight feet wide and the township road-

way was slightly narrower. To avoid confusion with respect to distances we shall refer to the intersection as being the portion of both roads bounded by the outside lines thereof. From a contour map it appears the county road had a gradual rise of three and one-half feet in a distance of five hundred feet north from the intersection. At some considerable distance east of the intersection the township road was level. It then sloped downward to a bridge seventy-five feet long, the west end of which was about one hundred sixty-five feet east of the intersection. From the bridge to the intersection the road had a slope upward of ten feet. Westward from the east side of the intersection the road slopes upward one foot in the next seventy-five feet. A photograph taken about three hundred sixty feet east of the intersection and looking toward it shows there was a danger sign a short distance east of the bridge. From the contour map and other testimony, it appeared that a person seated in a motorcar traveling west on the township road could see considerable distances to the north on the county road until the car went on the bridge, and then for some distance vision to the north would be obstructed by rise of intervening lands and growth thereon, but that at a point fifty feet east of the east line of the intersection there was a clear view to the north of over three hundred feet, the range of vision northward increasing as the intersection was approached.

Plaintiff was the only witness testifying in his behalf with respect to the accident. He stated that on Sunday afternoon, October 27, 1940, he and his wife went for a ride, that he was driving the car and they were proceeding westwardly on the township road. He drove down the hill toward the bridge, but did not see the danger sign. When crossing the bridge he could not see any distance north or south. After crossing the bridge he went up the incline, and when about twenty-five to thirty feet east of the intersection, he was traveling from ten to fifteen miles per hour. At that point he looked to the north and saw defendant's car between two hundred fifty and three hundred feet to the north and approaching him, and thought it had a speed of thirty to thirty-five miles per hour. He looked south and saw no one coming. He stated the intersection was rather a blind corner and that at the rate he was driving he could stop in ten feet. After he saw the defendant's car he did not look again to the north but proceeded west and into the intersection, without deviating or putting on his brakes. The next time he saw

the defendant's car was when he was entering the intersection when he heard brakes screeching and he looked up and the car "was right on top of me" and that he then stepped on his accelerator and tried to speed up. Each car was on the right side of its highway. Defendant's car hit his car on the right side just behind the front wheel.

Appellant makes no contention plaintiff's evidence failed to show he was guilty of negligence. His demurrer, however, does raise at least four questions:

1. Was the plaintiff husband, in driving the car in which he and his wife were riding, guilty of contributory negligence?

2. If so, was that negligence imputable to his wife?

3. If not, was she personally guilty of contributory negligence, and—

4. If the husband was guilty of contributory negligence not imputable to his wife, and she was not guilty of contributory negligence, what was the effect on his being entitled to recover as a beneficiary of her estate?

We shall consider these in their order.

Contributory negligence has been defined as conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, coöperating with the negligence of the defendant in bringing about the plaintiff's harm (Restatement, Torts, sec. 463) and that it is conduct which falls short of the standard to which the reasonable man should conform in order to protect himself from harm (id., sec. 466). And in the comment respecting the last section it is said that it is immaterial that the defendant's conduct falls farther below the standard of a reasonable man than does that of the plaintiff.

It has been repeatedly held that when the facts relating to contributory negligence are such that men of reasonable minds might reach different conclusions, the question is for the trier of the fact, otherwise it is one of law. (*Keir v. Trager*, 134 Kan. 505, 7 P. 2d 49; *Sponable v. Thomas*, 139 Kan. 710, 33 P. 2d 721; *Jones v. McCullough*, 148 Kan. 561, 83 P. 2d 669; and cases cited.)

While the general rule is that the burden of establishing the plaintiff's contributory negligence rests upon the defendant (Restatement, Torts, sec. 477) if plaintiff's own evidence shows him guilty of negligence which precludes his recovery, the defendant may take advantage by demurrer. (*Houdashelt v. State Highway Comm.*, 137 Kan. 485, 21 P. 2d 343.)

In support of the trial court's ruling appellee directs our attention to the testimony showing that Mr. Cruse, when about thirty feet from the intersection, looked to the north and saw defendant's car about two hundred fifty to three hundred feet away, and to our statutory provision that a driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection (G. S. 1941 Supp. 8-550, a) and contends that Cruse had a right to assume the defendant would obey the law and either stop or so control his car that plaintiff could safely pass. In support of that contention our attention is directed to *Keir v. Trager*, supra, and *Hurla v. Capper Publications, Inc.*, 149 Kan. 369, 87 P. 2d 552. In both of those cases, the defendants had paid no attention to and had run past stop signs. In the case at bar there were no stop signs. Although there was a danger sign on the township road, Cruse did not see it. He did know that he was driving up a rather steep grade to a corner where he could not see well until he got near the intersection. When he was about thirty feet from the intersection and possibly fifty feet from where cars on the proper sides of the roadways would meet, he looked to the north and saw defendant's car two hundred fifty to three hundred feet away, and then without looking further and without increasing or decreasing his speed, he went straight ahead oblivious to what might happen. He never looked to the north a second time until he heard the sound of the brakes on defendant's car, which was then right on top of him. Had he looked to the north a second time he could have seen that he had miscalculated either defendant's speed or his distance away; that defendant was about to enter the intersection, and he could have stopped, speeded up or turned and averted the collision. The factual situation in *Marshall v. Boucher*, 152 Kan. 697, 107 P. 2d 698, to which appellee directs our attention distinguishes it from the case at bar. The situation disclosed in the case at bar constituted a clearer case of plaintiff's contributory negligence than that discussed in *Ferguson v. Lang*, 126 Kan. 273, 268 Pac. 117, where the wife riding with her husband sought to recover, and where it was held she also was guilty of contributory negligence. Some of the evidence in that case is set out in the opinion. It will not be repeated here. Reference is made to the opinion.

We think that men of reasonable minds would agree that the conduct of Mr. Cruse in operating his car was below the standard to which he should have conformed for his own and his wife's safety.

Was the contributory negligence of the husband imputable to his wife? We do not think it can so be held as a matter of law. The sole affirmative evidence bearing on this phase of the matter is that she was taking a ride with her husband, and that immediately prior to the accident she had made no statements to him. Under the reasoning and holding in *Link v. Miller*, 133 Kan. 469, 300 Pac. 1105, the question could not be decided as one of law.

Did the plaintiff's evidence disclose that the deceased wife was guilty of contributory negligence as a matter of law? We are asked to assume that she saw and knew or was in a position to see and know what her husband did. Possibly so. There is no evidence as to what she may have said or done, further than that immediately before the collision she made no statements to him. If we assume she saw and knew all that her husband did, we may also assume that she would take precautions for her own safety, and that she did not do more than the evidence shows because she believed he would stop his car or otherwise so drive it as to avoid harm. *Ferguson v. Lang,* supra, does not support appellant's contention. There the wife's own testimony established her contributory negligence. Bearing in mind the rule as to burden of proof, it may not be said plaintiff's evidence showed Mrs. Cruse was guilty of contributory negligence.

The next question for consideration is what is the effect on the action for wrongful death where the husband is guilty of contributory negligence but the deceased wife is not. Generally speaking, in an action for wrongful death, recovery is limited to pecuniary loss by the statutory beneficiaries (*Pattrick v. Riggs,* 148 Kan. 741, 742, 84 P. 2d 840). In the case at bar there was evidence as to the loss sustained by the husband but none whatever as to the daughters. Appellant contends that if the husband was guilty of contributory negligence neither he nor any of the next of kin may inherit, and in support he cites *Turner v. Railway Co.,* 106 Kan. 591, 189 Pac. 376. The case is not in point. There the deceased was held to be guilty of contributory negligence. Generally in such case, under a wrongful-death statute similar to ours, the husband may not recover, and any amount he would otherwise have received is deductible from the amount recoverable by the survivors as a group, the rest being distributed among the survivors as though the husband did not exist (Restatement, Torts, sec. 493). However, we need not consider at length the question whether the deceased was barred from recovery

by the contributory negligence of her husband. Here the matter is controlled by what occurred at the trial. The court instructed the jury, in substance, that if the jury found the husband guilty of contributory negligence, he was individually bound and his loss should not be considered, although it did not affect his right as administrator to recover for the benefit of the two adult children, and if the jury so found then the verdict must be limited to nominal damages of one dollar. From the abstract and counter abstract it appears that neither party objected to the instruction. It became the law of the case (*Sowers v. Wells*, 154 Kan. 134, 114 P. 2d 828) and the court should have sustained appellant's motion for a directed verdict of one dollar. In view of our conclusions, it is not necessary that we notice appellant's contentions with respect to its motion for judgment *non obstante veredicto*.

We come now to the cross-appeal. The principal complaint is that the trial court erred in not allowing plaintiff a new trial on the question of damages only. We need not consider whether the evidence compelled a larger verdict insofar as the husband is concerned because, as is shown above, he is not entitled to recover anything. There was no evidence the two daughters sustained any pecuniary loss.

Complaint is also made concerning statements of counsel for defendant in arguing the cause. It is conceded no objection was interposed when the statements were made. Waiving any discussion that the complaint comes too late, it appears the only verdict that could have been rendered was for one dollar, and comment made in argument, good or bad, discreet or otherwise, could not affect the result.

The judgment of the lower court is reversed and set aside, and the cause remanded with instructions to render judgment in favor of plaintiff and against defendant for one dollar and costs.

HOCH, J., not participating.