No. 36,804

Bert W. Huggins, *Appellee,* v. The Kansas Power and Light Company and Horace W. Randall, *Appellants.*

(187 P. 2d 491)

Opinion filed December 6, 1947.

*Howard E. Payne,* of Olathe, and *Robert E. Russell,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Balfour S. Jeffrey,* all of Topeka, were with them on the briefs for the appellants.

*G. A. Roberds* and *Clayton Brenner,* both of Olathe, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for the recovery of damages. Plaintiff recovered a judgment and defendants appeal.

In view of the contentions later mentioned and discussed, it is necessary that we review the pleadings briefly.

In his petition plaintiff stated three counts or causes of action. In what is headed Count I he alleged that on the morning of February 9, 1946, he was driving his son's Ford automobile south on the right-hand side of Chestnut street in Olathe, and when he passed the center line of Poplar street where that street intersected Chestnut street at right angles, Horace W. Randall, the servant and employee of the defendant company, was driving a Ford truck of the defendant, and negligently drove the truck into the automobile driven by plaintiff. The negligence charged was that Randall drove

the truck at a high and dangerous speed; that he failed to drive the truck on the right-hand side of Poplar street before and after arriving at the intersection; that he failed to look and observe the plaintiff who had entered the intersection; that he failed to reduce his speed; that he failed to turn his truck to the right and avoid the collision and that he failed to have his truck under proper control. Plaintiff further alleged the injuries sustained by him, and that he had suffered and would permanently suffer great pain and agony, was compelled to wear a brace, could not stand or sit without pain, could not walk without pain, suffered the loss of natural sleep and was wholly unable to perform or do any work, and "because of the nature of the severity of said injuries the same are permanent and said injuries so received and sustained by the plaintiff as aforesaid will permanently prevent him from hereafter earning a living." He then alleged employment of physicians and expenses, and continued, "That by reason of all the above and foregoing, he has sustained actual damages in the sum of $15,000 for said personal injuries and damages in the sum of $293 for medical expenses and physician's services." In Count II plaintiff alleged that for his second cause of action he made as part thereof all of the allegations of Count I, and further that he had been employed at $73 per week but by reason of his injuries he had been wholly prevented from doing any work of any kind for ten weeks and had been damaged in the sum of $730 by reason thereof, "and will be permanently unable to do any work by reason of said injuries and will be prevented permanently from earning a living and that by reason thereof he has been damaged in the sum of $18,980 by said defendants, . . ." In Count III plaintiff stated that he made all of the allegations of Counts I and II a part of his third cause of action, and he then attempted to state a cause of action for punitive damages in the sum of $5,000. In none of the counts was there any claim for damage to property. The prayer of the petition was for judgment on each cause of action for the amount stated, or an aggregate of $39,273.

Defendants' demurrers to Count III were sustained and we do not notice them further.

For present purposes it may be said that the answer of defendants was that they were without fault and plaintiff's injuries were due solely to his own negligence.

A trial was had and at the conclusion of plaintiff's evidence defendants demurred for the reason the evidence showed negligence

on the part of the plaintiff that barred his right of recovery. This demurrer was overruled as was a demurrer to the evidence as to Count II. At the conclusion of all the evidence the defendants renewed their demurrers which were overruled. They then moved the court to instruct the jury to render a verdict in their favor, and this motion was denied. The cause was submitted to the jury under instructions of which no complaint was made, but while the jury was deliberating the court's attention was directed to the fact that a certain map and some wooden blocks, which will be mentioned later, had been taken to the jury room by the bailiff without the knowledge of the defendants or the order of the court. The court ordered those articles removed and instructed the jury to disregard them. Thereupon the defendants moved that the jury be discharged and that the court declare a mistrial. This motion was denied. Thereafter the jury returned a general verdict and answered special questions. In its general verdict the jury found for plaintiff on Count I of his petition and fixed his recovery at $3,000, and also on Count II and fixed his recovery at $3,600. The answers to the special questions will be mentioned later if necessary.

In due time the defendants filed three motions, one for judgment notwithstanding the verdict, for the reason the evidence showed plaintiff guilty of contributory negligence; one for judgment notwithstanding the verdict and upon the answers to special questions; and one for a new trial. These motions were denied and the court then entered judgment against the defendants for $6,600 and costs. In due time the defendants perfected their appeal to this court.

In this court the defendants present seven specifications of error. The first three pertain to the rulings on their demurrers; the fourth to the ruling on their motion for an instructed or directed verdict; the fifth to their motion to have the jury discharged and a mistrial declared; the sixth to the ruling denying a new trial, and the seventh to claimed error in rendering of judgment and for all of the reasons specified in the motion for a new trial.

We shall consider these specifications in order. It may be observed that the first four all raise the question of the claimed contributory negligence of the plaintiff.

Our books contain many decisions holding that in considering sufficiency of evidence as against a demurrer the court must take the evidence as true, must consider that favorable, must disregard that unfavorable, must not weigh contradictions nor differences be-

tween direct and cross-examination, and if there is any evidence sustaining the cause, the demurrer must be overruled. See West's Kansas Digest, Trial § 156 (2) (3) and Hatcher's Kansas Digest, Trial §§ 151, 157. It has also been held that where more than one inference can be drawn from the evidence as to plaintiff's negligence, the question is for the jury, but where the evidence is undisputed or only one deduction can be drawn, the question is one of law for the court. See West's Kansas Digest, Negligence § 136 (9) (10), Hatcher's Kansas Digest, Negligence §§ 73, 75. Guided by these rules, we review the evidence offered by the plaintiff.

Plaintiff, who was the driver, and his wife, left their home about 9:30 a. m. in a Ford automobile which he drove south on the west side of Chestnut street at a speed of ten or twelve miles per hour. When he was about three feet from the intersection of Poplar street and Chestnut street he looked to the east and saw defendants' truck coming from the east, and at that time the truck was sixty feet east of the intersection. He proceeded into the intersection and when he was about in the center of the intersection, defendants' truck was just entering the intersection from the east; that his automobile had passed the middle line of Poplar street and was in the southwest part of the intersection when the defendants' truck struck his automobile. Both Chestnut and Poplar streets had a paving of about 26 feet between curbs. On cross-examination plaintiff testified that he was driving twelve to fifteen miles per hour and could easily have stopped, but he entered the intersection and proceeded as he thought he had plenty of time to get through. In connection with that statement he said, "Of course, I had the right of way anyway," but in answer to a further question, he repeated only that he thought he had plenty of time. The testimony of plaintiff's wife is very briefly abstracted, but insofar as it extends it verifies his version of the situation and occurrence. The chief of police testified he saw skid marks where plaintiff's car was pushed around, and the marks were all on the south side of the center of Poplar street and on the west side of Chestnut street and were in the southwest corner of the intersection. It is here noted that the questions and answers quoted verbatim in the abstract show that some sort of a map and blocks were used to illustrate the situation and the position of the two vehicles at different times. Some of the questions and answers refer to that map and positions marked on it. We do not have that map before us and in our review have

made no reference to questions which referred to places evidently pointed out on it.

In support of their argument the trial court erred in its rulings on the sufficiency of the evidence, the defendants set out a statement of facts in which it would appear that plaintiff made no effort to determine the speed of defendants' truck as it approached the intersection and that he proceeded in the face of obvious danger because he had the right of way. They have the plaintiff saying of defendants' driver, "I couldn't say how fast he was going." That, however, was in answer to a question as to how fast the truck was going as it entered the intersection, and not in answer to its speed prior thereto. The defendants also stress the testimony that the reason plaintiff entered the intersection as he did was because he thought he had plenty of time to get through. Defendants rely principally on *Ray v. Allen*, 159 Kan. 167, 152 P. 2d 851, and cases cited therein, quoting that portion of the opinion dealing with the standards to which plaintiff's conduct must conform. Without extensive review it may be said that in that case, plaintiff was the only witness in his own behalf and stated that he saw the defendant's truck approaching from the right but made no effort to judge its speed; that he could have stopped, but there was no reason why he should stop when he had the right of way; that if he had observed the speed of the truck he could have stopped before entering the intersection. The rule was applied that plaintiff, being the only witness in his own behalf and who had testified to a state of facts precluding his recovery, was bound thereby. The instant case has only a similarity of facts. In this case plaintiff looked to his left, he saw the defendants' truck, he had time to enter the intersection and pass through the portion in which the truck would have been driven had it gone straight ahead. Had the truck been so driven there would have been no collision. It was not so driven, it veered to its left and struck plaintiff's car in the southwest portion of the intersection. Other decisions of this court are cited by the defendants but they require no separate discussion. None of them is as favorable to their contentions as is *Ray v. Allen*, supra. Under the rules which are to be applied to plaintiff's evidence, it may not be said as a matter of law that plaintiff was negligent and such negligence was the legal cause of his injuries or that his negligence, if any, contributed thereto. What has been said of the sufficiency of the evidence does not determine a question raised by

the demurrer lodged against the evidence to sustain Count II of the petition, a matter treated later herein, but with that exception, it is held the trial court did not err in its rulings on the sufficiency of the evidence.

The fifth specification is that the trial court erred in denying defendant's motion to discharge the jury and to declare a mistrial because a map and some blocks used during the trial and not received as evidence were taken to the jury room without knowledge of the defendants or consent of the trial court. As has been stated when the attention of the trial court was directed to the matter, it promptly ordered their removal and instructed the jury that the map and blocks were not in evidence and were not to be considered, and if already considered the jury was now to disregard them in further consideration of the case. The court then denied the defendants' motion. They call attention to the fact that during the trial, marks were made on the map in such manner as to make it confusing. It seems undisputed that counsel for plaintiff and defendants used the map and blocks during the examination of witnesses, and that the jury knew what marks were made to reflect the answers of the witnesses. Defendants cite no authority in support of their claim of error. We are of the opinion that if there was any error, it was not prejudicial. Under somewhat analogous circumstances, this court held that ballots in an election case were properly considered, even though not offered in evidence. See *Moorhead v. Arnold,* 73 Kan. 132, 141, 84 Pac. 742.

Under their sixth and seventh specifications of error, defendants call attention to the arguments previously considered and amplify the same by reference to the answers to special questions as returned by the jury. Insofar as sufficiency of the evidence when attacked by demurrer is concerned, the answers are not to be considered. Although there was a motion for judgment on the answers to the special questions notwithstanding the general verdict, which the trial court denied, no error is specified on that ruling. If it be considered that the motion for a new trial raised the question it may be said we have examined the answers and find them not to be inconsistent with the general verdict.

The demurrer to the evidence to Count II, and the motion for a new trial, raise the question now treated. There can be no question that the collision of automobiles gave the plaintiff a single cause of action for damages to his person, and not three causes as he at-

tempted to plead them. By express inclusion Count II contains everything that is in Count I plus a claim for wages lost by reason of plaintiff's injuries. Essentially Count II was the only count upon which plaintiff could recover for all of his injuries, unless there be a duplication of the items of his recovery. Notwithstanding, the court received from the jury, and entered judgment upon, a verdict allowing recovery on Count I of $3,000 and on Count II of $3,600. The result is a double recovery which cannot stand.

In view of the fact that Count II contains every element which plaintiff is entitled to recover under the pleadings, we have concluded that the judgment for $6,600 as rendered must be set aside, and the cause remanded to the trial court with instructions to grant to the plaintiff the option of a judgment in his favor and against defendants in the sum of $3,600, or of a new trial on all issues. It is so ordered.