No. 36,956

TESS SULLIVAN, *Appellee*, v. BERT JOHNSTON, *Appellant*.

(190 P. 2d 417)

Opinion filed March 6, 1948.

*Carl I. Winsor,* of Wichita, argued the cause, and *Harlin E. Bond* and *Rupert Teall,* both of Wichita, were with him on the briefs for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and *W. D. Jochems, J. Wirth Sargent, Roetzel Jochems,* and *Robert G. Braden,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

BURCH, J.: This appeal is from a judgment for damages entered in a case wherein a collision occurred between a truck and a passenger car, in the daytime, at a street intersection. The defendant did not introduce any evidence but elected to rely on an overruled demurrer to plaintiff's evidence. On such evidence the cause was submitted to a jury, which returned a verdict for the plaintiff. The principal contention of the defendant is that the application of the physical fact rule necessitates the legal conclusion that the plaintiff was guilty of contributory negligence.

The defendant appeals not only from the overruling of the demurrer to the plaintiff's evidence but also from the overruling of the defendant's motion for judgment notwithstanding the verdict and the overruling of a motion for a new trial. All of the specified errors, however, are predicated upon the one contention—that the evidence disclosed contributory negligence on the part of the plaintiff as a matter of law.

The case does not necessitate an extended statement of facts. According to the evidence favorable to the plaintiff, the car which plaintiff was driving entered a paved intersection at a speed of 10 to 12 miles an hour and proceeded across the intersection to a point

of impact which was 24 feet into the intersection, at which point the plaintiff's car was hit about midway between its front and rear ends by the defendant's truck which had approached the intersection from the plaintiff's left. It appears from an exhibit and from testimony in the record that the front end of plaintiff's car had traveled almost, if not entirely, through the intersection and either was leaving or was about to leave the intersection on the south side thereof in its proper lane of travel when the collision occurred; that the defendant's truck, while traveling at a very high rate of speed, left its proper lane of travel and without having had any brakes applied thereto proceeded into the wrong lane of travel and struck the plaintiff's car, and that if the truck had proceeded in its proper lane of travel it would have passed to the rear of the plaintiff's car.

The defendant contends that the physical fact rule requires a reversal because the plaintiff's testimony establishes that she failed to see the vehicle approaching in plain view from her left at the intersecting streets. The plaintiff's testimony pertinent to the point is as follows: When she was 30 to 35 feet north of the north line of the intersection she looked to the east, which was to her left; she continued looking east until she had traveled a little more than half the distance from the point where she first started looking to the east or until she was at least 10 or 15 feet from the north boundary of the intersection, and failed to see the defendant's truck while looking east. Thereafter she looked west before entering the intersection. When the plaintiff was 30 feet north of the north boundary of the intersection she could see "a pretty good distance to the east" and when she was 10 to 15 feet from the north boundary she could see almost an unlimited distance to the east. She did not see the defendant's truck which was approaching from her left until after she had entered the intersection.

Upon the foregoing facts the defendant contends the testimony establishes conclusively that the plaintiff could have seen the defendant's truck approaching at a high rate of speed and that if it is assumed the defendant's truck was moving as fast as 50 miles an hour, the defendant's truck would have been only 195 feet east of the point of impact when the plaintiff stopped looking east and within a clear view of the plaintiff. The defendant insists that the physical fact rule will not permit one to be heard to say that he looked but did not see a vehicle, if his view was not obstructed, when, if he had looked, he could not have failed to see the approach-

ing vehicle. As a further consequence, the defendant asserts that plaintiff must be held to have seen the defendant's truck approaching in time and in circumstances which would have permitted her to stop her car and thus have avoided the collision and that her failure to do so was contributory negligence as a matter of law. In support of such argument, the defendant relies principally upon *Orr v. Hensy,* 158 Kan. 303, 147 P. 2d 749; *Cruse v. Dole,* 155 Kan. 292, 124 P. 2d 470; *Kok v. Lattin,* 261 Mich. 362, 246 N. W. 149; and *Brown v. Haertel,* 210 Wis. 345, 244 N. W. 630.

In all of the above-cited cases the physical fact rule was applied to collisions occurring in intersections of public roads or highways outside of cities as distinguished from street intersections within cities. Perhaps, on first thought, the distinction may not appear as significant but, upon reflection, it should be realized that ordinarily a driver of a motor vehicle does not and need not, as a matter of law, anticipate that vehicles may be driven into and through the intersections of city streets at high rates of speed but that the contrary frequently is true in cases of interurban intersections. In the present case the plaintiff alleged and apparently the defendant admitted that an applicable ordinance of the city of Wichita provided that vehicles should not be operated upon residential streets other than right-of-way streets at a speed in excess of 25 miles an hour and that the drivers of vehicles approaching an intersection should yield the right of way to vehicles which had previously entered the intersection from a different highway.

In *Cruse v. Dole,* supra, the collision occurred in the intersection of a county road and a township road. The plaintiff in such case, while driving on the township road, failed to see a danger sign and drove into an intersection which he testified was rather a blind corner. The plaintiff therein further testified that while his car was being driven at a speed of 10 to 15 miles an hour, he saw the defendant's car approaching on the county highway when the plaintiff was 25 to 30 feet east of the intersection. Thereafter he looked to the south and did not look again to the north, or to his right, until he was entering the intersection but proceeded west into the intersection without deviating or putting on his brakes. Reference to the opinion in the Cruse case, *supra,* will disclose additional facts which differ materially from those in the present case and it may be observed that the jury in such case answered special questions, although the answers to the special questions are not set forth in

the opinion. It should be noted also that nothing in the case warranted a presumption by the plaintiff that the defendant would stop or reduce the speed of the car he was driving.

In *Orr v. Hensy,* supra, this court reached the conclusion that the plaintiff was guilty of contributory negligence from definite answers to special questions. In such case the answers to the interrogatories established the speed of the oncoming cars, their respective distances from the intersection and each other at certain fixed points and the distances at which the respective drivers could see the cars approaching the intersection and also the approximate distance in which the plaintiff's car could have been stopped. Consequently in the Orr case, *supra,* it was possible for this court to make a mathematical deduction which clearly established the contributory negligence of the plaintiff. In the present case we have no answers to special questions. But the defendant asserts the evidence clearly establishes in this case that the plaintiff could have seen the defendant's truck when the plaintiff's car was 10 or 15 feet from the north boundary of the intersection, and other essential facts as clearly and effectively as similar facts were established by the jury's special findings of fact in the Orr case, *supra.* We are unable to agree with such a contention for several reasons which need not be set forth because even if we considered the defendant's contention as being sound, nevertheless, on the demurrer to plaintiff's evidence, we would be unable to agree that the physical fact rule established plaintiff's contributory negligence as a matter of law in this case. According to the defendant's argument, the physical fact rule should establish in the instant case that when the plaintiff's car was 10 or 15 feet from the intersection, that even if the defendant's truck was then approaching from the plaintiff's left at a speed of 50 miles an hour it would have been 195 feet east of the point of impact. The defendant further asserts that if the defendant's truck had been traveling at an assumed speed of 100 miles an hour at such time the truck would have been only 390 feet east of the point of impact. There is nothing in the record which establishes the approximate rate of speed at which the defendant's truck actually was traveling or the exact point at which it could have been seen by the plaintiff if she had been looking to the east when her car was 10 or 15 feet away from the intersection. However, if we could apply the physical fact rule and establish thereby that the plaintiff could have seen the defendant's truck approaching at a

high rate of speed at some point on the city street between 195 feet and 390 feet to her left when her car was 10 or 15 feet from the intersection and that her car could have been stopped before it entered the intersection, it does not necessarily follow, as a matter of law, that the plaintiff was required to anticipate the defendant's truck would continue to violate the city ordinance and enter the intersection at the sustained high and dangerous rate of speed. Such a holding would require this court to conclude, as a matter of law, that a motorist approaching a city street intersection must continue to look practically at all times to the left in order to determine whether an approaching vehicle will or will not comply with usual standards of driving in cities and with traffic regulations. Such is not the law. The rule is well established that the operator of an automobile may assume that others using the streets will observe the law and he is not guilty of contributory negligence in acting upon such assumption unless and until he has knowledge to the contrary. (See *Keir v. Trager*, 134 Kan. 505, 7 P. 2d 49; *Cherry v. Hays*, 141 Kan. 346, 41 P. 2d 746.) As was said in *Scheve v. Heiman*, 142 Kan. 370, 47 P. 2d 70:

"Plaintiff had a right to assume that defendant would reduce his speed and not come across the intersection at an unlawful rate of speed, and had that been done the accident would not have occurred." (p. 371.)

The defendant contends, however, that the above-stated rule of law cannot be relied upon by the plaintiff in this case because the plaintiff testified that she never saw the approaching truck until it was within about 75 feet of the intersection and that, therefore, she was not relying upon such rule of law because her own inattention and lack of observation prevented such a reliance. In other words, the defendant argues that the physical fact rule compels a motorist, in legal contemplation, to have seen an object which was clearly visible but would deprive the motorist of the benefit of a presumption which could have followed from the actual observation of the object. We have not been cited any precedents establishing such a rule and we cannot conclude that a motorist who looks and fails to see an approaching vehicle should be held to any higher degree of care and caution than one who actually sees the approaching vehicle. There is no testimony in the present case showing that defendant's truck could not have been stopped within 195 feet or that plaintiff should have been aware of the probability of such an assumed fact.

Nothing can be gained by prolonging this opinion in a discussion of other contentions advanced and cases cited by the defendant. Consideration has been given to them and they are found to be without controlling merit. It may be observed further, however, that a house located on the corner may have affected the plaintiff's ability to see the approaching truck to some extent, and again it should be emphasized that the car in which the plaintiff was riding had proceeded almost through the intersection before it was struck by the defendant's truck; that the defendant's driver had not applied any brakes; that the plaintiff had time to enter the intersection and pass through the portion in which the truck would have been driven if it had gone straight ahead, but that instead of doing so, it veered into its wrong lane of travel and struck the plaintiff's car. (See *Huggins v. Kansas Power and Light Co.*, 164 Kan. 27, 31, 187 P. 2d 491.) Such factors and elements and the absence in the record of any definite information as to the approximate speed of the truck at definite distances from the intersection make it impossible for this court to conclude correctly that the plaintiff's evidence established her contributory negligence as a matter of law. The question was properly submitted to the jury.

The judgment of the district court is affirmed.