No. 38,134

ROBERT E. FRY, *Appellant,* v. JAMES F. CADLE, *Appellee.*

(229 P. 2d 724)

Opinion filed April 7, 1951.

*Payne H. Ratner, Jr.,* of Wichita, argued the cause, and *Payne H. Ratner, Ora D. McClellan, Eugene L. Pirtle, Louise Mattox,* and *Harry E. Robbins, Jr.,* were with him on the briefs for the appellant.

*J. Rodney Stone*, of Newton, argued the cause, and *Bernard Peterson*, also of Newton, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for personal injuries alleged to have been sustained as a result of an intersection collision between two automobiles driven by plaintiff and defendant. Defendant's demurrer to plaintiff's evidence was sustained and judgment entered for defendant. Plaintiff appeals, charging error of the court in sustaining defendant's demurrer and in rendering judgment for defendant.

Plaintiff's evidence in support of allegations contained in his amended petition may be summarized as follows: Plaintiff and a friend were, on the morning of August 10, 1948, returning from a business trip to Newton in Plaintiff's father's car, a 1937 Ford. They had traveled south from Newton on highway No. 81, turned west on an asphalt surfaced highway on the county line, leading directly to the town of Sedgwick, in the vicinity of which plaintiff lived. One mile east of Sedgwick this east and west asphalt road is intersected by a north and south gravel township road, both of which are about twenty feet in width. There are no stop signs at the intersection on either highway. Heavy hedge was growing on the north edge of the blacktop county highway east from the intersection and along the east side of the gravel township road north of the intersection. The hedge along the edge of both roads had been trimmed back sixty feet from the intersection. This hedge grew on top of an embankment on the north side of the east-west road, and heavy and tall weeds were growing on the embankment extending from the end of the trimmed hedge to the intersection. Plaintiff was driving west on the county line blacktop highway thirty-five to forty miles per hour; when he reached a point about 200 feet away from the intersection in question, he decreased his speed to thirty miles per hour; having lived in that vicinity for some time, he knew the view of the county highway to the north was obstructed by an embankment, heavy hedge and tall weeds growing along the east edge of the township road north of the county road and along the north edge of the county road. Plaintiff had a clear view to the south and saw there were no automobiles approaching from that direction; he looked northward and could see no automobiles approaching from that direction; he continued looking northward and could see no cars until he had entered the in-

tersection, when he saw defendant's automobile coming from the north about twenty-five feet from the intersection. Plaintiff immediately applied his brakes and swerved southward, but defendant without slackening the speed of his automobile drove straight ahead into the intersection and into the middle of the right side of plaintiff's automobile, the collision occurring in the west half of the intersection; plaintiff's car was overturned and thrown into the ditch at the southwest corner of the intersection, about sixty-five feet from the point of impact, and defendant's Buick was spun around and came to a rest about twenty-four feet from the point of impact, headed in a northwesterly direction.

Kenneth Swindler, riding with plaintiff at the time of the collision, testified on behalf of plaintiff that he saw Mr. Cadle, the defendant, at the intersection after the accident and heard him twice say to plaintiff that "he just didn't see us". Plaintiff's injuries sustained by reason of the collision will not be narrated as such would serve no useful purpose in determining the issues involved herein.

The following statute was in force at the time of the accident: (G. S. 1949, 8-550 (a).)

"The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection from a different highway."

As grounds for his demurrer, defendant contends plaintiff's evidence fails to prove a cause of action and shows plaintiff to have been guilty of such contributory negligence as would bar recovery.

We first consider defendant's demurrer to plaintiff's evidence. Was there any substantial evidence to sustain plaintiff's claim? In testing the sufficiency of evidence as against a demurrer, the court shall consider all of plaintiff's evidence as true; shall consider that favorable to plaintiff, together with all reasonable inferences to be drawn therefrom, and disregard that unfavorable to plaintiff; and shall not weigh any part that is contradictory, nor weigh any differences between his direct and cross-examination. And if, so considered, there is any evidence which sustains the plaintiff's case, the demurrer should be overruled. (*McCracken v. Stewart*, 170 Kan. 129, 223 P. 2d 963; *Hukle v. Kimble*, 169 Kan. 438, 219 P. 2d 434; *Revell v. Bennett*, 162 Kan. 345, 176 P. 2d 538; *Harral v. Kent Corporation*, 168 Kan. 322, 212 P. 2d 356.)

Guided by these well-established rules of law, upon a fair survey of the record narrated above, we think the trial court was in error in sustaining the demurrer of defendant to plaintiff's evidence.

From the testimony it is clear that plaintiff entered the intersection from the east when defendant was twenty-five feet north of the intersection, and that defendant, without slackening the speed of his car and apparently without looking—for by looking he could have seen plaintiff's car in the intersection—drove into the intersection without yielding the right of way and struck plaintiff's automobile. Under the evidence the jury might well have found such acts of defendant to be the proximate cause of the injury.

Was plaintiff guilty of contributory negligence so as to bar his recovery? Defendant concedes that the rule to be applied in testing the court's ruling on defendant's demurrer to plaintiff's evidence is correctly stated in *Hukle v. Kimble,* supra: (p. 444)

"In determining whether as a matter of law a plaintiff is guilty of contributory negligence which precludes his recovery for injuries sustained, all of the testimony favorable to the plaintiff must be accepted as true, and if the facts are such that reasonable minds reach different conclusions thereon, the question must be submitted to the jury and cannot be determined by the court as a matter of law."

With the above rule of law in mind, defendant argues that plaintiff knew the intersection was blind from both directions and that no stop signs were present at the intersection, and that his failure to sound a warning of his approach or decrease the speed of his car under thirty miles per hour fell below the standard which might be expected of the average prudent man, especially in view of his complete familiarity and knowledge of the intersection, and that such negligence as a matter of law would preclude his recovery.

We cannot agree with defendant's contention. One of the most recent expressions of the legal question here involved is stated in *Lawrence v. Kansas Power & Light Co.,* 167 Kan. 45, 204 P. 2d 752:

"The legal questions here involved are so well settled in our law that they need not be labored. The actions were ones at common law in which plaintiffs sought damages alleged to have resulted from defendant's negligence, and defendant had pleaded contributory negligence of the plaintiffs. These are the kinds of actions in which each party is entitled to a trial by jury as a matter of right. They should not be converted into trials by the court. Negligence is the lack of due care. The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged has been established. Before the court should make such a holding the evidence should be so clear that reasonable minds, considering it, could have but one opinion, namely, that the party was negligent. In these cases we think the contributory negligence of plaintiffs was clearly a question of fact for the jury."

To the same effect see *Scheve v. Heiman,* 142 Kan. 370, 47 P. 2d

70; *Chapman v. Bergholt,* 149 Kan. 172, 86 P. 2d 513; *Hurla v. Capper Publications, Inc.,* 149 Kan. 369, 87 P. 2d 552; *Marshall v. Boucher,* 152 Kan. 697, 107 P. 2d 698; *Deselms v. Combs,* 162 Kan. 15, 174 P. 2d 107; *Huggins v. Kansas Power and Light Co.,* 164 Kan. 27, 187 P. 2d 491; *Mattfeld v. Nester,* 226 Minn. 106, 32 N. W. 2d 291, 3 A. L. R. 2d 909; *Thompson v. Barnette,* 170 Kan. 384, 227 P. 2d 120.

In the instant case, we think the contributory negligence of plaintiff was clearly a question of fact for the jury. Moreover, plaintiff had decreased the speed of his automobile to thirty miles per hour as he entered the intersection and continued to watch to the north for any oncoming cars. When he had entered the intersection, defendant's car was twenty-five feet to the north on a township road, and plaintiff was not bound to anticipate that with his car in the intersection defendant would, without watching or decreasing the speed of his automobile, or yielding the right of way, drive into and against plaintiff's car. The law is well established that the operator of an automobile on a public highway may assume others using the highway will observe the laws of the road and he is not guilty of contributory negligence in such an assumption unless and until he has knowledge to the contrary. (*Keir v. Trager,* 134 Kan. 505, 7 P. 2d 49; *Smith v. Salts,* 170 Kan. 313, 224 P. 2d 1025.)

Ordinarily, where the defendant is out of sight of the driver crossing an intersection, as where defendant is behind an obstruction on the highway, and it appears to plaintiff as a result of observation that it is safe to cross and would be but for defendant's failure to yield the right of way, unanticipated speed, or other negligence, the question whether plaintiff was guilty of negligence is one of fact for the jury, especially where plaintiff has made a reasonable observation before crossing, and he is not guilty of contributory negligence as a matter of law for failure to make additional observations.

The question as to the reasonableness of the plaintiff's speed, or other negligence, on entering the intersection in question, in view of the facts as related in this case, is one on which reasonable minds might reach different conclusions and a question of fact which should have been submitted to the jury.

The judgment of the lower court is reversed with directions to grant plaintiff a new trial.

THIELE, WEDELL, and PRICE, JJ., dissent.