No. 49,017

ADAM R. WELCH, As Administrator de bonis non of the Estate of
Luther J. Welch and Administrator of the Estate of Eliza L.
Welch, *Appellant,* v. SHARON K. YOUNG, *Appellee.*

(589 P.2d 567)

Opinion filed January 20, 1979.

*James S. Phillips, Sr.,* of Phillips and Phillips, Chartered, of Wichita, argued the
cause and was on the brief for appellant.

*Richard L. Honeyman,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita,
argued the cause and *John B. Rathmel,* of the same firm, was with him on the brief
for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal in an automobile personal injury
action from an order of the district court sustaining the defend-
ant's motion for summary judgment.

On August 24, 1975, automobiles driven by Sharon K. Young,
defendant, and Luther J. Welch, now deceased, collided in the
intersection of Central Avenue and 159th Street East in Butler
County. Mrs. Young was proceeding east on Central, a blacktop
highway, and Mr. Welch was proceeding north on 159th Street, a
gravel country road. Central Avenue is a protected thoroughfare
with stop signs controlling the north-south traffic on 159th Street.
As Mrs. Young approached the intersection, driving within the 55
mile per hour speed limit, the Welch automobile pulled onto
Central Avenue in an attempt to make a left turn and proceed west
on Central. Mrs. Young testified, in a discovery deposition, that
she honked her horn, hit the brakes and swerved to the left in an
attempt to avoid a collision. Her attempts were unsuccessful and
her vehicle hit the Welch vehicle in the left side. Both parties
were injured. Mrs. Young, who was nine months pregnant, lost
her unborn baby and eventually settled with the liability insur-

ance carrier of Mr. Welch. Welch was hospitalized and on October 4, 1975, died from injuries received in the collision.

Prior to his death Welch filed this action against Mrs. Young. After his death, his widow, Eliza L. Welch, as administrator of his estate, was substituted as plaintiff. Eliza L. Welch subsequently died and her son, Adam R. Welch, as administrator de bonis non of his father's estate and as administrator of his mother's estate, was substituted as plaintiff.

On December 3, 1976, summary judgment was granted in favor of defendant. The trial court in its findings found there were no genuine material issues of fact and that as a matter of law (1) the decedent, Luther J. Welch, was negligent and that said negligence was not less than the causal negligence of the defendant, and (2) there was no competent evidence the defendant was negligent.

While appellant specifies several points on appeal, the issues are two-fold. Were there any material issues of fact and, as a matter of law, was the negligence of the deceased equal to or more than that of the defendant?

Pretrial discovery disclosed that Mrs. Eliza J. Welch talked with her husband the day of the accident in the emergency room at Wesley Hospital in Wichita. Mrs. Welch testified she asked her husband what happened and he stated he was making a left turn when he saw the Young vehicle was going to hit him and that defendant ran into his vehicle. Plaintiff obtained the services of Lt. Charles R. Oswald of the Wichita Police Department as an expert to reconstruct the events of the accident and to testify as to certain conclusions based upon his investigation. Oswald testified in response to certain hypothetical questions that in his opinion Mrs. Young could have stopped her vehicle in time to avoid the collision if driving 45 to 50 mph as she testified. Oswald further testified that in his opinion Mrs. Young might have avoided the collision by swerving to the right and going behind the Welch vehicle. When questioned about the possibility that Welch had failed to yield the right-of-way he indicated that in his opinion Welch may have done so but on the other hand the Young vehicle might not have constituted an immediate hazard at the time Welch approached the intersection. Michael C. Hayes, a Butler County deputy sheriff, investigated the accident at the scene and was of the opinion that Mr. Welch failed to yield the right-of-way.

In the original petition, several acts of negligence were charged against Mrs. Young including inattentive and careless driving, failure to keep a proper lookout, failure to slow down, failure to turn aside to avoid the collision and failure to have her vehicle under proper control.

Defendant contends there are no genuine issues as to any material fact, that much of plaintiff's pretrial discovery would be inadmissible at trial and that it would be futile to force defendant to try the case. *Mechtley v. Price,* 217 Kan. 344, 536 P.2d 1385 (1975).

In support of defendant's position she asserts that there is no evidence of excessive speed on her part and that she had the right to assume that the Welch vehicle or any vehicle on 159th Street would stop and yield the right-of-way to the through traffic on Central. *Harbaugh v. Darr,* 200 Kan. 610, 438 P.2d 74 (1968); *Gardner v. Pereboom,* 197 Kan. 188, 416 P.2d 67 (1966); *Keir v. Trager,* 134 Kan. 505, 7 P.2d 49, 81 A.L.R. 181 (1932).

As stated in *Harbaugh v. Darr* at page 615:

"Where the defendant knew she was driving on a protected highway, she had the right to assume any car approaching from the north would observe the law of the road, and would stop and yield the right-of-way at the intersection. Under these circumstances, the defendant cannot be held guilty of negligence in acting upon this assumption unless and until she had knowledge to the contrary."

Defendant argues she can only be charged with negligence from the time that she realized that plaintiff intended to disobey the stop sign and enter upon the through highway and that after she had such knowledge, she was bound to use only the care of an ordinary and prudent person. *Keir v. Trager,* 134 Kan. at 507-508. Plaintiff asserts that defendant failed to keep a proper lookout as she approached the intersection and also that she did not act as a prudent person in swerving to the left toward the front of the Welch car when she could have gone to the right and possibly avoided the collision.

In *Lawrence v. Deemy,* 204 Kan. 299, 461 P.2d 770 (1969), this court reviewed our law relating to summary judgment:

"Generally before a summary may be granted, the record before the court must show conclusively that there remains no genuine issue as to a material fact, and that the moving party is entitled to judgment as a matter of law. A mere surmise or belief on the part of the trial court, no matter how reasonable, that a party cannot prevail upon a trial will not warrant a summary judgment if there remains a dispute as to a material fact which is not clearly shown to be sham, frivolous, or so

unsubstantial that it would be futile to try the case. (*Knowles v. Klase,* 204 Kan. 156, 460 P.2d 444; *Green v. Kaesler-Allen Lumber Co.,* 197 Kan. 788, 420 P.2d 1019.) The manifest purpose of a summary judgment is to obviate delay where there is no real issue of fact. A court should never attempt to determine the factual issues on a motion for summary judgment, but should search the record for the purpose of determining whether factual issues do exist. If there is a reasonable doubt as to their existence, a motion for summary judgment will not lie. (*Secrist v. Turley,* 196 Kan. 572, 412 P.2d 976.) A court, in making its determination, must give to the party against whom summary judgment is sought the benefit of all inferences that may be drawn from the facts under consideration. (*Shehi v. Southwest Rentals, Inc.,* 199 Kan. 265, 428 P.2d 838; *Jarnagan v. Ditus,* 198 Kan. 413, 424 P.2d 265; *Brick v. City of Wichita,* 195 Kan. 206, 403 P.2d 964.)

"Regardless of how refined or sophisticated we attempt to state the summary judgment rule, we always return to the language of the statute itself (K.S.A. 60-256[*c*])—there must remain 'no genuine issue as to any material fact.' A natural result of this requirement is that in negligence cases summary judgment is seldom proper. (*Knowles v. Klase,* supra; *Secrist v. Turley,* supra.)" (pp. 301-302.)

Recently the court restated this position, saying:

"Normally, the presence or the absence of negligence in any degree is not subject to determination by the court on summary judgment, for such determination should be left to the trier of facts. It is only when it can be said that reasonable men cannot reach differing conclusions from the same evidence that the issue may be decided as a question of law." *Pedi Bares, Inc. v. First National Bank,* 223 Kan. 477, Syl. ¶ 3, 575 P.2d 507 (1978).

In the instant case we are at somewhat of a disadvantage as the proceedings had not progressed to the point of a pretrial order and the trial judge did not state with any detail or specificity the controlling facts and legal principles leading to his decision. On the record before us we cannot say there are no material issues of fact yet to be resolved or that the negligence of plaintiff was equal to or greater than that of defendant. These are matters that are properly to be determined by the ultimate trier of the facts and not by the trial court on a motion for summary judgment.

The judgment is reversed and the case remanded for further proceedings.

Schroeder, C.J., and Owsley, J., dissenting.