No. 51,375

DEANNA LYNN HOFFMAN, *Appellant,* v. GREGORY ANDREW HOFFMAN, *Appellee.*

(613 P.2d 1356)

Opinion filed July 18, 1980.

*G. H. Griffeth,* of Spurney and Spurney, of Belleville, argued the cause and was on the brief for the appellant.

*Robert L. Constable,* of Salina, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: An order changing the custody of a five-year-old boy from mother to father is the target in this civil appeal.

Plaintiff Deanna Hoffman and defendant Gregory Hoffman were married on June 4, 1972. A son, Alex, was born October 1, 1974. Deanna filed a petition for divorce; Gregory did not appear; and divorce was granted to Deanna on September 14, 1976. She was awarded custody of Alex.

Thereafter, Gregory married Pamela Hoffman, and established a home at Salina. Pamela's three-year-old daughter by a previous marriage lives with them.

Deanna, with Alex in her custody, continued to occupy the Concordia home awarded to her in the divorce proceedings. Sometime after the decree was entered, Maynard Cooper moved in with Deanna and Alex. After a few months they moved to Wymore, Nebraska, where they were living at the time of the custody hearing. Deanna and Maynard Cooper were not married because Maynard's divorce was not final; the briefs indicate that they were married while this appeal was pending.

The parties had difficulties over support payments and visitation. After several post-divorce hearings, Gregory filed a motion for change of custody on December 22, 1978. A hearing was held on April 17, 1979. The court found that Deanna's home was an

unfit home for Alex and ordered that custody be changed from Deanna to Gregory, subject to reasonable visitation by Deanna, with the reservation that Alex not spend extended periods of time in Deanna's home. Deanna appeals.

The first point raised is that the evidence was legally insufficient to support the court's order changing custody. Deanna contends that the fact that she was living with a man to whom she was not married is not a sufficient reason to change custody, and that the evidence does not show sufficient change of circumstance to warrant a change of custody.

It is undisputed that Deanna and Cooper were unmarried and living together. Additionally, there was evidence that marijuana and other drugs are used in their home in Alex's presence, and Alex has acquired an extensive vocabulary as to drugs and as to profanity. Testimony showed that Cooper attempted to deny Gregory visitation with Alex, that Cooper took Alex with him to a tavern late at night, and that there was a lack of discipline in the maternal home. There was also the familiar evidence that sometimes the child was dirty, was left alone, and was not given proper parental guidance.

Mr. Cooper has prior felony convictions for robbery and armed robbery in California; his parole was successfully completed just prior to the hearing. He was present throughout the proceedings but did not testify. Pamela Hoffman, however, did testify as to her interest in Alex and her willingness to provide a home and maternal care for him.

The basic legal principles applicable in child custody disputes between parents were recently stated and discussed by Chief Justice Schroeder in *Simmons v. Simmons,* 223 Kan. 639, 642, 643, 576 P.2d 589 (1978). The Chief Justice said:

"The paramount question for determination of custody as between the parents is what best serves the interests and welfare of the children. All other issues are subordinate thereto. The court must determine which parent will do a better job of rearing the children and provide a better home environment. . . . The trial court may look at the availability and willingness of each parent to care for the children. . . .

"In order to insure that the interests of the children are fully protected from an adverse change of circumstances, K.S.A. 60-1610(*a*) vests the trial court with continuing jurisdiction to modify a custody order. Therefore, a decree awarding child custody is *res judicata* with respect to the facts existing at the time of the decree. . . . However, when facts and circumstances change, custody may be changed. . . .

"Our court has repeatedly held the burden of proving a change in custody is warranted rests upon the movant. . . . To sustain his burden of proof [the husband] did not have to prove [the wife] was unfit to have custody of the children. . . . The question of unfitness arises only when the custody dispute is between one parent and a third party. . . . Instead, [the husband] had to show a change in the parties' circumstances since the entry of the original custody order. . . .

. . . .

"The appellant also asserts the trial court abused the exercise of its sound judicial discretion in ordering a change in custody.

"Certain basic principles apply in determining an abuse of the trial court's discretion. The question of a change of custody is addressed to the sound judicial discretion of the trial court and the appellate court's review of the trial court's determination is very limited. . . . The trial court is in the most advantageous position to judge how the interests of the children may best be served. . . . While an appellate court has only the printed page to consider, the trial court has the advantage of seeing the witnesses and parties, observing their demeanor, and assessing the character of the parties and quality of their affection and feeling for the children. . . . The judgment of the trial court will not be disturbed without an affirmative showing of an abuse in the exercise of discretion." (Citations omitted.)

In the case now before us, both Deanna and Gregory have established new homes with new mates since the divorce was granted. Their life styles have changed. The trial court had an opportunity to observe the parents and their new spouses in the courtroom, to hear and evaluate the testimony, and to weigh the evidence. There were many things of importance which the court considered in addition to the then unmarried status of Deanna and Cooper. The evidence of drug usage and its impact upon the child, Cooper's prior felony record, attempted denial of visitation privileges, neglect of Alex's health and clothing needs, lack of discipline, leaving the child unattended, and taking him to a tavern late at night, all support the trial court's finding that the home was unfit. We find adequate substantial evidence as a basis for the trial court's order, and we find no abuse of discretion.

Finally, appellant contends that it was error for the trial court to consider social histories and reports made by social agencies when her attorney was not given the opportunity to see the reports or to cross-examine the investigating officer.

At the close of the evidence, the trial judge announced that he had received the report of the social agencies but he had left them in his chambers, thinking counsel had received copies. Plaintiff's counsel stated that he had not received a copy, but he made no

objection to the trial court's consideration of the reports, no request to read the report, and no request that the investigators be called as witnesses for cross-examination.

Objection to the reports was not made in the trial court. An issue presented for the first time on appeal will not be considered by this court. *City of Salina v. Jaggers,* 228 Kan. 155, 612 P.2d 618 (1980). The reports are in the record before us. The investigation as to Deanna's home was made before she moved to Nebraska and is generally favorable to her. Any error in the consideration of the reports is harmless.

The judgment is affirmed.