(626 P.2d 1238)
No. 52,245

CAROL EASTMAN, *Appellee,* v. CHARLES EASTMAN, *Appellant.*

Opinion filed April 24, 1981.

*Don C. Krueger,* of Don C. Krueger, Chartered, of Emporia, for the appellant. No appearance for the appellee.

Before JUSTICE HERD, presiding, SWINEHART, J., and WILLIAM M. COOK, District Judge, assigned.

HERD, J.: This case involves a child custody dispute following the divorce of Carol and Charles Eastman. Charles Eastman appeals from a trial court's ruling denying him access to the results of a home study investigative report, ordered pursuant to K.S.A. 1978 Supp. 60-1607(*a*)(5). We reverse and remand this case and order that the trial court provide the appellant with the requested information.

Charles Eastman (defendant-appellant) and Carol Eastman (plaintiff-appellee) were divorced on February 2, 1976. Mrs. Eastman was awarded custody of the couple's three minor children. On March 13, 1979, defendant filed a motion for change of custody of the children, alleging a significant change of circumstances. At defendant's request, the court ordered home study investigations of the homes of both parties. The investigations were conducted by the Kansas Department of Social and Rehabilitation Services. On March 21, 1979, the court temporarily ordered the children placed in defendant's custody. On August 27, 1979, the court filed an order entered into by both parties changing custody of the children to defendant. The plaintiff filed a motion to make visitation rights definite and certain and defendant filed a motion for child support, restricted visitation rights and requested a home study on plaintiff's home.

On March 17, 1980, a hearing was held on the parties' motions.

The court ordered the plaintiff should have visitation with the children the last weekend of each month beginning with the month of March. The court further ordered a home study be conducted on plaintiff's home. Plaintiff had remarried and was then living in Colorado. The order states copies of the report would be supplied to counsel upon receipt by the court. On May 22, 1980, defendant filed a praecipe for subpoena duces tecum which was served on Gary Marsh, director of Lyon County District Court Services. The praecipe requested him to produce the SRS report from Jefferson County, Colorado.

On May 28, 1980, a final hearing was held on defendant's request to review the home study report. The court found defendant could obtain the necessary information contained in the report by cross-examination of Marsh, who was called as a witness at the hearing. The court ruled that any material in the reports was available to either party upon independent investigation. The court ordered the children could visit their mother from the last weekend in May until June 21, 1980, and ordered SRS to monitor the summer visit and report its findings to the court.

The trial court's order was based on its interpretation of K.S.A. 1980 Supp. 60-1610(*b*) which mandates that the court protect and promote the interests of minor children in custody disputes. The court concluded its duty to the minor children outweighed the rights of the parties to certain aspects of the report, such as a custody recommendation, which was not disclosed orally to the parties. Charles Eastman appeals from the trial court's denial of access to the home study report.

This case presents for review the question mentioned in *Hoffman v. Hoffman*, 228 Kan. 290, 613 P.2d 1356 (1980). In *Hoffman*, which was also a child custody dispute, appellant contended it was error for the trial court to consider reports by social agencies in its determination of custody when a party has not been given the opportunity to see the reports or examine the investigating officer. The Supreme Court held the issue was raised for the first time on appeal and was, therefore, not subject to review. In dicta, the court added that the reports were favorable to the objecting party and any error resulting from their use by the trial court was harmless.

Appellant raises several issues to support his allegations of trial

court error. He argues the trial court's refusal to disclose the actual report denied a proper request for discovery, created the possibility that otherwise inadmissible hearsay evidence would be considered by the court and denied the appellant the right to confront witnesses. In discussing relevancy in discovery proceedings, the court in *Gleichenhaus v. Carlyle,* 226 Kan. 167, 170, 597 P.2d 611 (1979), stated:

"The scope of relevancy in a discovery proceeding is broader than the scope of relevancy at trial. Relevancy includes information which may be useful in preparation for trial. A request for discovery would be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the lawsuit."

We find the information contained in the home study report is relevant evidence and the parties have a legitimate right to request its production. K.S.A. 60-226.

The ruling of the trial court must now be weighed pursuant to this court's scope of appellate review. "The control of discovery is entrusted to the discretion of the trial court and a ruling thereon will not be disturbed on appeal in the absence of a clear abuse of that discretion." *Commercial Union Ins. Co. v. City of Wichita,* 217 Kan. 44, Syl. ¶ 8, 536 P.2d 54 (1975). See *Yunghans v. O'Toole,* 224 Kan. 553, 555, 581 P.2d 393 (1978); *Vickers v. City of Kansas City,* 216 Kan. 84, Syl. ¶ 2, 531 P.2d 113 (1975); *Hamilton v. Ling,* 1 Kan. App. 2d 22, 28, 561 P.2d 880, *rev. denied* 225 Kan. 844 (1977).

The home study report, containing impartial and independent assessments of a party's home, is relied upon by the trial court in its determination of custody. Each party should have the opportunity to challenge the evidence contained in the report which becomes the basis for the ultimate recommendation of SRS. The report could also contain misstatements and errors that could be clarified by the parties if they knew the exact contents of the report. Although the trial court exercised its discretion in withholding this evidence from the parents pursuant to its duty to protect the interests and promote the welfare of minor children, we find the court abused its discretion and the report should be made available to the parents. Our ruling on this issue disposes of the appeal and defendant's remaining contentions will not be considered.

The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.