No. 80,418

JAMES A.M. SMITH, D.O., *Appellant,* v. S. JIM FARHA, M.D.,
*Appellee.*

(974 P.2d 563)

Opinion filed
March 5, 1999.

*Mark Lane*, Washington, D.C., argued the cause, and *Rod L. Richardson*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, was with him on the briefs for appellant.

*Karen L. Callahan*, of Barkley & Rodolf, of Tulsa, Oklahoma, argued the cause, and *Stephen J. Rodolf*, of the same firm, and *Randy Troutt*, of Kahrs, Nelson, Fanning, Hite & Kellogg, L.L.P., of Wichita, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This is an appeal from summary judgment in a defamation case. Dr. S. Jim Farha, a member of the Surgical Executive Committee of Wesley Medical Center, in the midst of a presentation before that committee by Dr. James A. M. Smith, questioned Dr. Smith as if to suggest that his privileges had been restricted at

St. Francis Hospital. The trial court, on uncontroverted facts, concluded that the statements were privileged and not made with malice. Dr. Smith appeals.

Dr. Smith provides medical services at the Galichia Medical Group in Wichita. He is a consulting angiologist, a specialist in blood vessel diseases, aside from coronary artery disease. He is a member of the medical staffs with privileges in his areas of expertise at Via Christi St. Francis Hospital and Wesley Medical Center in Wichita.

Dr. Farha is a thoracic and cardiovascular surgeon with Wichita Surgical Specialists with extensive practice and experience in his field. He is also a member of the medical staffs with privileges in his areas of his expertise at Via Christi St. Francis Hospital and Wesley Medical Center in Wichita. Dr Farha is also a member of the Surgical Executive Committee at Wesley Medical Center.

The additional facts important to our resolutions of the issues raised by this appeal are set forth by the trial court as the uncontroverted facts upon which it based its summary judgment.

"4. On April 9, 1996, Dr. Farha was present when Dr. Smith gave a presentation to the Surgical Executive Committee at Wesley Medical Center.

"5. The Surgery Executive Committee is a quality assurance committee formed pursuant to the peer review laws of the State of Kansas.

. . . .

"7. On April 9, 1996, Dr. Smith gave a presentation to the Surgical Executive Committee on a topic regarding reviewing and improving methods, procedures and treatment of patients at Wesley Medical Center. Specifically, he addressed the training of surgeons who have not been previously . . . trained in certain interventional angiographic procedures.

"8. The Court modifies uncontroverted fact No. 8 in the light most favorable to the plaintiff such that the fact reads as follows: 'At the April 9, 1996 meeting, Dr. Farha addressed Dr. Smith in the presence of his peers, colleagues, and others, in an accusatory tone and manner and demanded to know if "it is true that your privileges have been restricted at St. Francis." When Dr. Smith responded that to his knowledge it was untrue that his privileges had been restricted or impaired in any respect, and that he had never heard of any such action being taken, Dr. Farha replied, "Maybe you just haven't heard yet." '

"9. A physician's privileges are directly related to his ability to provide medical services."

Based upon the above facts, the trial court concluded that the statements of Dr. Farha come within the legitimate ambit of peer

review activities pursuant to the Kansas Peer Review Statutes and were, thus, subject to the privilege set forth in K.S.A. 65-442. The trial court further concluded that there was no actual malice based upon the information before the court as set forth in the uncontroverted facts and granted summary judgment to Dr. Farha.

Before we begin our resolution of this case, it is important to note that the action filed by Dr. Smith contains three claims: (1) defamation, (2) intentional infliction of emotional distress (outrage), and (3) tortious interference-prospective business advantage or relationship. All three claims are based upon the comments made by Dr. Farha to Dr. Smith as set forth above. The trial court's decision and the briefs submitted by the parties focus upon only the first claim, defamation. The question arises whether this appeal is interlocutory and must be dismissed because of the failure to comply with the provisions of K.S.A. 60-254(b).

Although not addressed by the parties, the answer lies in the trial court's summary judgment and the provisions of K.S.A. 65-442. The trial court concluded the statements in question were privileged and made without malice. K.S.A. 65-442, as will be further discussed below, provides that during activities under the ambit of peer review, there shall be "no liability . . . for any . . . statement . . . if such member acted in good faith and without malice." K.S.A. 65-442. The trial court's summary judgment resolved all three claims since under the trial court's decision there is no liability or action for damages available to the plaintiff based upon the statements made by the defendant.

## Discussion and Analysis

The summary judgment in this case raises two important questions. The first is whether the trial court was correct in its conclusion that the statements made by Dr. Farha were within the ambit of peer review. The second question, which need be addressed only if the trial court was correct regarding the issue of peer review, is whether there remain genuine issues of material fact with reference to the qualified privilege from liability provided for in K.S.A. 65-442.

K.S.A. 65-442 provides in pertinent part:

"(a) There *shall be no liability* on the part of, and *no action for damages* shall arise against, any duly appointed member of the governing board *or* the duly appointed member of a committee of the medical staff of a licensed medical care facility *for any* act, *statement* or proceeding undertaken or performed within the scope of the functions and within the course of the performance of the duties of such committee of the medical staff *if such member acted in good faith and without malice*, and the medical staff operates pursuant to written bylaws that have been approved by the governing board of the medical care facility." (Emphasis added.)

Thus, K.S.A. 65-442 provides for a qualified privilege from liability for those statements made by any member of a medical staff committee, such as a peer review committee, in the furtherance of his or her duties, provided that those statements were made in good faith and without malice.

Peer Review

K.S.A. 1998 Supp. 65-4915(a)(4) defines a peer review committee as a committee which is authorized to perform peer review. K.S.A. 1998 Supp. 65-4915(a)(3) defines "peer review" as including the following functions:

"(A) Evaluate and improve the quality of health care services rendered by health care providers;
"(B) determine that health services rendered were professionally indicated or were performed in compliance with the applicable standard of care;
"(C) determine that the cost of health care rendered was considered reasonable by the providers of professional health services in this area;
"(D) evaluate the qualifications, competence and performance of the providers of health care or to act upon matters relating to the discipline of any individual provider of health care;
"(E) reduce morbidity or mortality;
"(F) establish and enforce guidelines designed to keep within reasonable bounds the cost of health care;
"(G) conduct of research;
"(H) determine if a hospital's facilities are being properly utilized;
"(I) supervise, discipline, admit, determine privileges or control members of a hospital's medical staff;
"(J) review the professional qualifications of activities of health care providers;
"(K) evaluate the quantity, quality and timeliness of health care services rendered to patients in the facility;

"(L) evaluate, review or improve methods, procedures or treatments being utilized by the medical care facility or by health care providers in a facility rendering health care."

We observe that both parties in their submission of uncontroverted facts agreed to the following two facts which formed the trial court's basis for concluding that the statements were within the ambit of K.S.A. 1998 Supp. 65-4915(a)(4). Uncontroverted facts 5 and 7 state:

"5. The Surgery Executive Committee is a quality assurance committee formed pursuant to the peer review laws of the State of Kansas. . . .

"7. On April 9, 1996, Dr. Smith gave a presentation to the Surgical Executive Committee on a topic regarding reviewing and improving methods, procedures and treatment of patients at Wesley Medical Center. Specifically, he addressed the training of surgeons who have not been previously . . . trained in certain interventional angiographic procedures."

These two facts alone are sufficient to fit Dr. Smith's presentation within the provisions of K.S.A. 1998 Supp. 65-4915(a)(4)(A), *viz.*, to improve the quality of health care services rendered by health care providers.

Dr. Smith contends that he was not being subject to peer review in this case because he was merely a guest lecturer who had been asked to give a presentation on a fellowship training program. Dr. Smith, in his affidavit submitted in response to the defendant's motions for summary judgment, does not mention that he was a guest lecturer but states, "On April 9, 1996, I gave a presentation before the Surgery Executive Committee of Wesley Medical Center concerning the Galichia Research Institute's Fellowship Training Program." He admits that "he addressed the training of surgeons who have not been previously trained in certain interventional angiographic procedures." We find no factual support in the record for this argument and doubt whether it would even be material.

Dr. Smith also argues that counsel for Wesley Medical Center refused to release the minutes of the surgical committee and that counsel's letter stated: "It is my understanding that [the plaintiff] was not the subject of peer review." However, the later affidavit of counsel established otherwise. In any event, such statements of

counsel do not establish a material question of fact with regard to this issue.

Dr. Smith argues that the statements of Dr. Farha are not protected because they were not generated by the committee or a part of the committee's decision-making process, conclusions, and final decisions. In support of this claim Dr. Smith relies upon *Adams v. St. Francis Regional Med. Center*, 264 Kan. 144, 955 P.2d 1169 (1998). We need not pause long on this contention. *Adams* involved a question of discovery and a determination of whether documents were subject to discovery against a claim that the documents were peer review under K.S.A. 65-4915. In this case, we deal with a privilege granted by K.S.A. 65-442 which protects "any act, statement or proceeding undertaken or performed within the scope of the functions and within the course of the performance of the duties of such committee of the medical staff if such member acted in good faith and without malice." *Adams* provides no support for Dr. Smith's argument.

The trial court's conclusion based upon the uncontroverted facts that "[t]aking the facts in the light most favorable to Dr. Smith, the Court finds that the activities set forth in the uncontroverted facts come within the legitimate ambit of peer review activities pursuant to the Kansas Peer Review Statutes" is correct and its summary judgment in this regard is affirmed.

## Absence of Lack of Good Faith or Malice

Having affirmed the trial court's conclusion that the statements made at the meeting by Dr. Farha are within the ambit of peer review, we address the second issue of whether, based upon the uncontroverted facts, the statements made by Dr. Farha are privileged under K.S.A. 65-442. The protection afforded under the provisions of K.S.A. 65-442 exists only in the absence of lack of good faith or malice.

The trial court, in its grant of summary judgment on the ultimate issue, concluded that "[t]aking the facts in the light most favorable to Dr. Smith, the Court finds there is no actual malice based upon the information before the Court as set forth in the uncontroverted facts." The trial court's legal conclusion concerning malice rests

upon "the information before the court as set forth in the uncontroverted facts." However, the uncontroverted facts make no reference to malice or good faith. There are simply no uncontroverted facts in either the defendant's motion for summary judgment or the plaintiff's response concerning this question. Because the legal conclusion of the trial court on the crucial issue in this case is without factual support, the summary judgment must be set aside. Our review of the record demonstrates that there remains a genuine issue of material fact regarding "malice" and "good faith" as used in K.S.A. 65-442.

In reversing summary judgment, we also follow earlier sound advice expressed in *Ruebke v. Globe Communications Corp.*, 241 Kan. 595, 605, 738 P.2d 1246 (1987):

"A court should be cautious in granting a motion for summary judgment when resolution of the dispositive issue necessitates a determination of the state of mind of one or both of the parties. *Gleichenhaus v. Carlyle*, 226 Kan. 167, 597 P.2d 611 (1979); *Bowen v. Westerhaus*, 224 Kan. 42, 578 P.2d 1102 (1978). The existence of malice is ordinarily a question of fact for the jury, but where the facts are not in dispute, it is a question of law for the court. *Redmond v. Sun Publishing Co.*, 239 Kan. 30, 36, 716 P.2d 168 (1986); *Gleichenhaus v. Carlyle*, 226 Kan. at 169. Summary judgment should be employed with caution in a defamation case."

We agree with authority relied upon by Dr. Smith in *Ross v. Wal-Mart Stores, Inc.*, 730 F. Supp. 357, 361 (D. Kan. 1990), that the proof of malice in defamation actions when a qualified privilege is found to exist requires a plaintiff to prove that the publication was made with knowledge that the defamatory statement was false or with reckless disregard of whether it was false. However, one subject to the privilege may not

"automatically insure a favorable verdict by testifying that he published with a belief that the statements were true. The finder of fact must determine whether the publication was indeed made in good faith. Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on the unverified anonymous telephone call." *St. Amant v. Thompson*, 390 U.S. 727, 732, 20 L. Ed. 2d 262, 88 S. Ct. 1323 (1968).

We acknowledged in *Knudsen v. Kansas Gas & Electric Co.*, 248 Kan. 469, 479-82, 807 P.2d 71 (1991), that protection under a

qualified privilege exists only in the absence of lack of good faith or malice. We also held:

"In general, the question of actual malice in a defamation action is a question of fact for the jury. However, under certain circumstances, a motion for summary judgment and the granting of that motion are appropriate. If the plaintiff fails to offer clear and convincing evidence of an extrinsic character to prove actual malice on the part of the defendant in the publication of a slander on a qualifiedly privileged occasion, there is no issue of material fact to be determined, and it is the duty of the trial court to grant the defendant's motion for summary judgment." *Knudsen v. Kansas Gas & Electric Co.*, 248 Kan. 469, Syl. ¶ 4.

Dr. Smith argues that there was absolutely no basis for Dr. Farha's question or statement. This is a point of contention. Dr. Farha contends he overheard a group of doctors in the lounge and talked with another doctor at St Francis which raised questions in his mind about Dr. Smith's qualifications to train at Wesley Medical Center. However, none of these assertions were identified by either party as uncontroverted statements of fact. The "certain circumstances" referred to in *Knudsen* do not exist in this case. There remains a genuine issue of material fact on this crucial point. We, therefore, reverse the summary judgment entered and remand for further proceedings.

Affirmed in part, reversed in part, and remanded for further proceedings.