(135 P.3d 199)

No. 95,015

In the Matter of the Marriage of LAURA F. OSBORN, n/k/a BERTELSEN, *Appellee,* and DAVID A. OSBORN, *Appellee,* C.M.O., A Minor Child, *Appellant.*

Opinion filed June 2, 2006.

*Jack W. Shultz,* of Dodge City, for appellant.

*Eric A. Commer,* of Law Office of Eric A. Commer, P.A., of Wichita, and *Richard W. Benson,* of Tenopir and Huerter, of Topeka, for appellee.

Before GREEN, P.J., MALONE and BUSER, JJ.

MALONE, J.: C.M.O., the 11-year-old daughter of Laura Osborn, n/k/a Bertelsen, and David Osborn, filed a postjudgment motion to modify parenting time in her parents' divorce case. The district court dismissed the motion on the ground that C.M.O. had no legal standing to file the motion. We affirm.

On January 3, 1997, Laura filed for divorce from David. There were two children of the marriage: C.R.O., born June 3, 1992, and C.M.O., born April 28, 1994. A decree of divorce was entered April 18, 1997. The parties were awarded joint custody of the children, with Laura as the residential parent. The district court established a parenting plan to enable David's visitation. Conflict immediately arose over the parenting plan, and the parties litigated the visitation issue several times over the ensuing years.

In 2002, David was residing in Emporia and Laura was residing in Dodge City. At a hearing on June 3, 2002, the district court ordered that David's summer parenting time with the children would begin the day after Memorial Day and end 1 week before the start of school. During the summer period, Laura would have the children for 1 full week of her choice and alternating weekends. Laura subsequently filed a motion to alter or amend the judgment, and the district court denied the motion and ordered Laura to pay $400 of David's attorney fees. Laura filed a second motion to alter or amend the judgment which was also denied.

On May 19, 2005, C.M.O., by and through her attorney, filed a motion to modify parenting time in her parents' divorce case. C.M.O.'s appeal brief acknowledges that her attorney was employed by her mother and stepfather. C.M.O.'s motion sought modification of the summer parenting time schedule to enable C.M.O. to participate in certain sports and band programs in Dodge City. C.M.O. also filed a motion for an interview pursuant to K.S.A. 60-1614. David filed a motion to dismiss C.M.O.'s motions due to C.M.O.'s lack of standing. David also asserted C.M.O.'s motion was not verified, as required by K.S.A. 60-1628, and there had not been any changed circumstances which would require the court to modify the present parenting plan.

On June 16, 2005, the district court held a hearing on the motions. The district court noted the legislature had not provided for minor children to file their own motions regarding visitation. The district court indicated a guardian ad litem *can* file motions on behalf of children in certain situations. However, in the present case, the district court noted C.M.O. had made no allegation that her parents were unfit, and the district court specifically found both parents were fit and proper persons to have the care, custody, and control of their children. The district court found C.M.O. had no legal right at stake before the court. The district court dismissed C.M.O.'s motion to modify parenting time because she lacked standing to file the motion. The district court did not specifically address C.M.O.'s motion for an interview. C.M.O. timely appeals.

C.M.O. claims the district court erred in finding she had no standing to file a motion to modify parenting time in her parents'

divorce case. C.M.O. maintains Kansas law does not restrict a minor child from filing a motion to alter or amend parenting time. C.M.O. states that K.S.A. 60-1610(a)(3)(B) provides that the desires of the child and the child's adjustment to his or her home, school, and community should be considered when determining visitation; therefore, C.M.O.'s motion should have been heard by the court.

This is an issue of first impression in Kansas. Whether standing exists is a question of law providing an appellate court with unlimited review. *In re Marriage of Brown*, 279 Kan. 282, 287, 109 P.3d 1212 (2005).

Kansas courts are vested with continuing jurisdiction to modify custody and visitation orders. *Hoffman v. Hoffman*, 228 Kan. 290, 613 P.2d 1356 (1980). K.S.A. 60-1610(a)(2)(A) authorizes the court to "change or modify any prior order of custody, residency, visitation and parenting time, when a material change of circumstances is shown." K.S.A. 60-1616(c) provides that the court can modify parenting time "whenever modification would serve the best interests of the child."

Kansas statutes authorize parenting time and visitation rights only to parents, grandparents, and stepparents. K.S.A. 60-1616. The Kansas Supreme Court has recognized that any expansion of the categories of individuals who have standing to seek visitation rights should originate with the legislature. *In re Hood*, 252 Kan. 689, Syl. ¶ 2, 847 P.2d 1300 (1993); see 2 Elrod and Buchele, Kansas Law and Practice, Kansas Family Law, § 13.33 (1999). There are no statutes which explicitly address whether a minor child has standing to file a motion to modify visitation or parenting time. K.S.A. 60-217(c) specifically restricts minors from appearing in court without a duly appointed representative, except by their next friend or a guardian ad litem.

We begin with the premise that only a party may file a motion in any civil action, unless specific leave to do so is granted by the court. C.M.O. is not a party to her parents' divorce action. Because she is not a party to the action, she lacks standing to challenge the terms of the court orders related to the decree of divorce. C.M.O. made no attempt to file a motion to intervene as a party pursuant

to K.S.A. 60-224. In the absence of an order allowing C.M.O. to intervene as a party, she had no standing to file a motion in the divorce case.

C.M.O. emphasizes that her motion should be heard so that her preferences can be considered in determining the parenting plan. However, there are other ways for C.M.O.'s wishes to be made known to the court. First and foremost, if one of C.M.O.'s parents determined that C.M.O.'s schedule and activities required a modification of parenting time, then the parent could file a motion in district court for the direct benefit of C.M.O. "Parents have a constitutionally protected right to determine how their children will be raised. See *Santosky v. Kramer*, 455 U.S. 745, 753, 71 L. Ed. 2d 599, 102 S. Ct. 1388 (1982)." *Hood*, 252 Kan. at 692. There is a fundamental presumption that a fit parent will act in the best interests of his or her child in determining visitation. *Kansas Dept. of SRS v. Paillet*, 270 Kan. 646, 658-59, 16 P.3d 962 (2001). Of course, the parent would need to show the prerequisite that a material change in circumstances had occurred, prompting the motion to modify.

Second, if one of C.M.O.'s parents believed that C.M.O.'s interests were not being represented in the divorce case, the parent could file a motion pursuant to K.S.A. 60-217(c) for the appointment of a guardian ad litem. In the alternative, the district court could appoint a guardian ad litem on its own motion if the court believed both parents were unfit. Once a guardian ad litem was appointed to represent C.M.O., the guardian ad litem could file motions on C.M.O.'s behalf. See 2 Elrod and Buchele, Kansas Law and Practice, Kansas Family Law, § 12.13 (1999).

Third, K.S.A. 60-1614 expressly authorizes any party to request the district court to interview a minor child involved in divorce proceedings. C.M.O. filed her own motion for an interview which was not addressed by the district court. However, there was nothing to prevent one of C.M.O.'s parents from requesting an interview pursuant to K.S.A. 60-1614.

Finally, C.M.O. argues she should have standing in her parents' divorce case because she has a personal stake in the determination of her parenting time. However, C.M.O. fails to recognize that

minor children are subject to the rights of the parents to determine what is in the best interests of their children. Kansas law does not recognize that C.M.O. has a legal right to participate in summer sports and band programs. If C.M.O.'s parents were not divorced, there would not be a forum for her to petition the district court to allow her to participate in these activities. We agree with the district court that C.M.O. had no legal right at stake before the court.

In summary, the legislature has not provided for minor children to file their own motions regarding visitation and parenting time. C.M.O. has two fit parents who can and should represent her interests before the district court. The Kansas statutes provide other alternatives for C.M.O.'s preferences to be made known to the court. We hold a minor child has no legal standing to file a motion to modify visitation or parenting time in a divorce case. The district court correctly dismissed C.M.O.'s motion due to lack of standing.

Affirmed.