234 Kan. 1012 (1984)
676 P.2d 761
JOY C. BARNES, individually and as next friend and parent of CHRIS BARNES and LAURA BARNES, minors, and as Administratrix of the Estate of Phillip Barnes, Deceased, Appellant,
v.
VEGA INDUSTRIES, INC., Appellee.
No. 55,698
Supreme Court of Kansas.
Opinion filed February 18, 1984.
Jerry R. Palmer, of Jerry R. Palmer, P.A., of Topeka, argued the cause and was on the brief for appellant.
James P. Nordstrom, of Fisher, Patterson, Sayler & Smith, of Topeka, argued the cause, and Michael K. Seck, of the same firm, was with him on the brief for appellee.
The opinion of the court was delivered by
McFARLAND, J.:
This wrongful death action, predicated upon products liability for defective design, was submitted to the jury on theories of negligence and strict liability in tort. The jury found defendant manufacturer, Vega Industries, Inc., free of fault and placed one hundred percent of the fault on the decedent, Phillip Barnes. Plaintiff appeals from the adverse verdict.
The facts may be summarized as follows. In the fall of 1970, Phillip Barnes purchased a "Heatilator" fireplace manufactured by defendant, Vega Industries, Inc. The Heatilator purchased was a self-erect model to be installed by the homeowner rather than by a professional contractor. Detailed instructions were provided with the fireplace kit. In addition, decedent purchased from defendant metal chimney pipe sections and a firestop spacer to be installed with the fireplace. Each pipe telescoped into the pipe immediately above it and the sections twist-locked together by means of threads. The firestop spacer was designed to prevent combustible ceiling material from coming closer than two inches to the chimney pipe. While installing the fireplace, Mr. Barnes modified the firestop spacer to permit the chimney *1013 pipe to come within 5/16 of an inch of a wooden ceiling joist. Installation was completed on November 25, 1970.
On the night of January 9, 1981, a fire occurred in the Barnes residence. Phillip Barnes died in the fire. The origin of the fire was in wood near the chimney pipe. This action was filed by Joy C. Barnes, individually and as next friend and parent of Chris Barnes and Laura Barnes, minors, and as administratrix of the Estate of Phillip Barnes, deceased. By virtue of the sole issue presented on appeal, it is sufficient to state only that plaintiff contends the fire was caused by failure of defendant to design its product with adequate locking devices for the chimney pipe sections which permitted the sections to come apart. Defendant contends the fire was caused by decedent's negligent alteration of the firestop spacer. As stated previously, the jury assessed one hundred percent of the fault to the decedent.
The sole issue on appeal is whether the trial court erred in instructing the jury on the consumer expectation test rather than the risk/utility test, in defining "unreasonably dangerous."
In Brooks v. Dietz, 218 Kan. 698, 545 P.2d 1104 (1976), this court held:
"We have concluded the time has come for this court to adopt the rule of strict liability as set out in § 402A of the Restatement, supra, and we therefore so hold." 218 Kan. at 702.
Section 402A, Restatement (Second) of the Law of Torts (1965) provides:
"§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer.
"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
(a) the seller is engaged in the business of selling such a product, and
(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
"(2) The rule stated in Subsection (1) applies although
(a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."
Comment i to § 402A states, in part:
"The rule stated in this Section applies only where the defective condition of *1014 the product makes it unreasonably dangerous to the user or consumer.... The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Emphasis supplied.
The definition of "unreasonably dangerous" set forth in Comment i of § 402A has been designated the "consumer expectation" test. In recent years some courts have rejected the consumer expectation test in favor of the risk/utility test. In Lester v. Magic Chef, Inc., 230 Kan. 643, 641 P.2d 353 (1982), the trial court instructed the jury on the consumer expectation test, and refused plaintiff's requested instruction utilizing the risk/utility test. After an extensive discussion of the pros and cons of the two respective tests, we held the trial court did not err in instructing the jury on the consumer expectation test. See Comment, Products Liability: Kansas Adopts the Consumer Expectation Test to Define "Unreasonably Dangerous" in Design Defect Cases, 22 Washburn L.J. 397 (1983); Annot., Products Liability: Product as Unreasonably Dangerous or Unsafe Under Doctrine of Strict Liability in Tort, 54 A.L.R.3d 352; and generally Annot., Products Liability: Modern Cases Determining Whether Product is Defectively Designed, 96 A.L.R.3d 22.
The instruction on the consumer expectation test given in Lester is as follows:
"A product is unreasonably dangerous if it is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." 230 Kan. at 649.
The instruction in question in the case before us is identical to the consumer expectation instruction given in Lester.
We are asked to overrule Lester insofar as the opinion approves the consumer expectation test and adopt the rationale of the dissent in Lester. This we decline to do. Essentially the same arguments are raised herein as were presented in Lester. Indeed, both counsel arguing herein also presented the arguments in support of their respective positions in Lester. Accordingly, nothing would be gained by repeating counsel's arguments and our discussion relative thereto in this opinion. It is sufficient to say we adhere to Lester.
We therefore conclude it was not error for the trial court, in its instruction, to define unreasonably dangerous in accordance *1015 with the Restatement (Second) of Torts § 402A, comment i, (1965)  the consumer expectation test.
The judgment is affirmed.