**Robert E. DEINES, Plaintiff,**

v.

**VERMEER MANUFACTURING COM-PANY and Liberty Mutual Insurance Company, Defendants.**

**Civ. A. No. 88–2052–O.**

United States District Court, D. Kansas.

Dec. 4, 1990.

warnings on the hay baler in question, if heeded, would have prevented plaintiff's injuries. Deines insists that the hay baler's warnings were inadequate. Defendant also claims that Deines may not recover under section 402A or on a negligence theory because plaintiff is at least fifty percent at fault. For the reasons stated below, the court will deny the summary judgment motion of Vermeer Manufacturing.

## I. STATEMENT OF FACTS

On October 30, 1986, plaintiff was injured when his right arm was drawn into the compression rollers of a Model 605C Vermeer hay baler. The hay baler in question was produced by Vermeer Manufacturing in 1978. Immediately before the injury, Deines dismounted his tractor to determine why hay was not being properly fed into the baler. Plaintiff's inspection showed a mass of hay gathering in front of the baler's compression rollers. Such difficulty in forming a bale sometimes occurs during the normal use of the baler. Gary Vermeer of Vermeer Manufacturing testified that a hay baler manufacturer could foresee that an operator would approach the rollers, while the baler was running, under these circumstances.

Plaintiff contends that inadequate warnings on the Vermeer hay baler contributed to his injuries. Warning stickers on the right and left sides of the baler stated:

### !DANGER!

DISENGAGE POWER TAKE–OFF AND SHUT OFF TRACTOR ENGINE. BEFORE REMOVING HAY FROM PICK–UP AREA AND BEFORE MAKING ANY REPAIRS OR ADJUSTMENTS.

KEEP HANDS AND FEET FROM FEED ROLLERS AND PICK–UP. MOVING PARTS CAN CAUSE INJURY OR DEATH.

The following warnings appeared on the baler power take-off: .

Gene E. Schroer, Schroer, Rice, P.A., Topeka, Kan., Aylward, Svaty & Sherman, Ellsworth, Kan., for Robert E. Deines.

Keith Martin, Payne & Jones, Overland Park, Kan., for Vermeer Mfg. Co.

Richard T. Merker, Wallace, Saunders, Austin, Brown and Enochs, Overland Park, Kan., for Liberty Mut. Ins. Co.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on the motion of defendant Vermeer Manufacturing Company (hereinafter "Vermeer Manufacturing") for summary judgment. Vermeer Manufacturing contends that Robert E. Deines (hereinafter "Deines") may not recover under section 402A of *Restatement (Second) of Torts* because

!DANGER!

STAY CLEAR OF MACHINE

DISENGAGE POWER TAKE–OFF, SHUT OFF ENGINE AND WAIT FOR ALL MOTION TO STOP BEFORE WORKING ON OR NEAR MACHINE. FAILURE TO OBEY THIS WARNING COULD CAUSE SEVERE PERSONAL INJURY

Deines claims that defendant should have warned those who operate its baler that it takes in material faster than an operator can let it go. He adds that users of the hay baler should have been warned of the probability of severe personal injury upon contact with the compression rollers. Plaintiff's experts state that such warnings would have identified the risk presented by the baler. Defendant maintains that Deines would not have been injured if he had followed the warnings that existed on its baler at the time of his accident.

## II. STANDARDS FOR SUMMARY JUDGMENT

In considering a motion for summary judgment, the court must examine all the evidence in a light most favorable to the nonmoving party. *Barber v. General Elec. Co.,* 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record which demonstrate the absence of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party meets these requirements, the burden shifts to the party resisting the motion, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct.

2505, 2514, 91 L.Ed.2d 202 (1986) (emphasis added). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations of denials of his pleading." *Id.* Genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

## III. RECOVERY UNDER RESTATEMENT OF TORTS (SECOND) § 402A

Plaintiff seeks to impose liability upon Vermeer Manufacturing under the doctrine of strict liability in tort. This doctrine had its genesis in a concurring opinion by Justice Roger Traynor of the California Supreme Court, where he suggested that a manufacturer should be absolutely liable if it placed a product in the market that it knew would be used without inspection and which had a defect that caused injury. *Escola v. Coca Cola Bottling Co.,* 24 Cal.2d 453, 460, 150 P.2d 436, 440 (1944) (Traynor, J., concurring). The public policy considerations underlying the doctrine of strict liability are that the manufacturer can anticipate and guard against the recurrence of hazards, that the cost of injury, which may be overwhelming to an injured individual, can be distributed by the manufacturer among the consuming public, and that the marketing of defective products should be discouraged. *Savina v. Sterling Drug, Inc.,* 247 Kan. 105, 114, 795 P.2d 915, 923 (1990) (citing *Brown v. Superior Court,* 44 Cal.3d 1049, 1056, 245 Cal.Rptr. 412, 415–16, 751 P.2d 470, 474 (1988)).

Strict liability was adopted by the Kansas Supreme Court in *Brooks v. Dietz,* 218 Kan. 698, 699–703, 545 P.2d 1104, 1107–09 (1976), after such adoption was forecast by *Symons v. Mueller Co.,* 493 F.2d 972, 977 (10th Cir.1974) and PIK Civ. 13.21 (1975 Supp.). *Brooks* adopted the doctrine of section 402A, *Restatement (Second) of the Law of Torts* (1965), imposing liability on a seller of a product that is defective and unreasonably dangerous to a user even though "the seller has exercised all possible care in the preparation and sale of his

product." [1] The Court reaffirmed that Kansas is a section 402A jurisdiction in *Humes v. Clinton*, 246 Kan. 590, 600, 792 P.2d 1032, 1039 (1990), *Johnson v. Am. Cyanamid Co.*, 239 Kan. 279, 285, 718 P.2d 1318, 1323 (1986), and *Barnes v. Vega Indus., Inc.*, 234 Kan. 1012, 1013, 676 P.2d 761, 762–63 (1984).

■■■ Under the doctrine of strict liability, the liability of a manufacturer and those in a chain of distribution extends to those individuals to whom injury from a defective product may reasonably be foreseen, and then only in those situations where the product is being used for the purpose for which it was intended or for which it is reasonably foreseeable it may be used. *Kennedy v. City of Sawyer*, 228 Kan. 439, 446, 618 P.2d 788, 794 (1980). It is not essential, however, that a product be defective in the sense that it was improperly manufactured. A product may be perfectly manufactured and meet every requirement for its designed utility and still be rendered unreasonably dangerous through failure to warn of its dangerous characteristics. *Mays v. Ciba–Geigy Corp.*, 233 Kan. 38, 57, 661 P.2d 348, 363 (1983) (quoting *Harris v. Northwest Natural Gas Co.*, 284 Or. 571, 576–77 n. 8, 588 P.2d 18, 21 n. 8 (1978)); *see also Sell v. Bertsch & Co., Inc.*, 577 F.Supp. 1393, 1397 (D.Kan.1984) (defendant liable under § 402A for failure to warn).

■■■ The inadequacy of a warning raises a presumption of causation. *Wooderson v. Ortho Pharmaceutical Corp.*, 235 Kan. 387, 406, 681 P.2d 1038, 1053, *cert. denied*, 469 U.S. 965–66, 105 S.Ct. 365, 83 L.Ed.2d 301 (1984). An inadequate warning is one that is unreasonable under the circumstances. *Id.* 681 P.2d at 1053 (citing *Brochu v. Ortho Pharmaceutical Corp.*, 642 F.2d 652, 657 (1st Cir.1981). A product warning "may be inadequate in factual content, the expression of facts, or in the method by which it is conveyed." *Graham v. Wyeth Laboratories*, 666 F.Supp. 1483, 1498 (D.Kan.1987). As a practical matter, the adequacy of a warning is determined by application of a negligence theory. *Id.* at 1499. The manufacturer's duty is to warn of *all* potential dangers which it knew, or in the exercise of reasonable care should have known, to exist. *Wooderson, supra*, 235 Kan. at 409, 681 P.2d at 1062.

■■■ Plaintiff contends that the warnings contained on the hay baler in question were inadequate because they failed to advise the operator that the baler pulls in material faster than a person can let it go. According to Deines, the warnings also did not caution a person that any contact with the compression rollers could cause substantial injury. Deines states that Vermeer knew of these risks. He adds that experts have determined that the warnings failed to meet the standards promulgated by the American National Standards Institute (hereinafter "ANSI"), the Society of Automotive Engineers (hereinafter "SAE"), and the American Society of Agricultural Engineers (hereinafter "ASAE").

Given the complexity of the design and operation of the Vermeer Model 605C hay baler, we believe that a more thorough

---

**1.** Section 402A, *Restatement (Second) of the Law of Torts* (1965) provides:

**§ 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer**
(1) One who sells any product in a defective condition *unreasonably dangerous* to the user or consumer, or to his property, if
  (a) the seller is engaged in the business of selling such a product, and
  (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
(2) The rule stated in Subsection (1) applies although
  (a) the seller has exercised all possible care in the preparation and sale of his product, and
(b) the user or consumer has not bought the product from or entered in to any contractual relation with the seller.
*See also Rexrode v. Am. Laundry Press Co.*, 674 F.2d 826, 828 n. 3 (10th Cir.), *cert. denied*, 459 U.S. 862, 103 S.Ct. 137, 74 L.Ed.2d 117 (1982); *Hartman v. Miller Hydro Co.*, 499 F.2d 191, 194 n. 1 (10th Cir.1974). The rule stated in § 402A applies only where "the defective condition of the product makes it unreasonably dangerous to the user or consumer." *Restatement (Second) of Torts* § 402A comment i (1965). The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. *Id.*

analysis of the facts giving rise to plaintiff's injury is warranted in the case at bar. Plaintiff has raised a question of fact as to the adequacy of the warnings and this issue is therefore appropriate for the jury to determine. *See Long v. Deere & Co.*, 238 Kan. 766, 777, 715 P.2d 1023, 1032 (1986) (adequacy of warning was appropriate issue to be considered by jury). The summary judgment motion of defendant Vermeer Manufacturing asserting the adequacy of its warnings will be denied.

## IV. PERCENTAGE OF FAULT ATTRIBUTABLE TO PLAINTIFF

 Vermeer Manufacturing contends that Deines' claims must fail because, as a matter of law, plaintiff's fault was greater than the fault of defendants. In Kansas, the doctrine of comparative fault applies to both strict liability claims and to those claims based on a negligence theory. *Kennedy v. City of Sawyer*, 228 Kan. 439, 452, 618 P.2d 788, 798 (1980). The negligence of a party seeking damages in a comparative fault action bars recovery of damages where the party's negligence is greater than the combined causal fault of all parties against whom recovery is sought. K.S.A.1989 Supp. 60–258a; *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 472, 625 P.2d 472, 477 (1981); *Brown v. Keill*, 224 Kan. 195, 199–201, 580 P.2d 867, 874–75 (1978).

Whether a defendant's conduct in a negligence case is the cause in fact or proximate cause of plaintiff's injuries is normally a question of fact for the jury. *Baker v. City of Garden City*, 240 Kan. 554, 557, 731 P.2d 278, 281 (1987); *see also Schmeck v. City of Shawnee*, 232 Kan. 11, 27, 651 P.2d 585, 598 (1982) (negligence to be determined by jury); *Mills by Mills v. Smith*, 9 Kan.App.2d 80, 84, 673 P.2d 117, 122 (1983) (question of comparative fault was issue of fact to be decided by jury in products liability case). The occasions are extremely rare where a court is justified in taking the case from a jury and deciding the questions of negligence and proximate cause as a matter of law. *Schenck v. Thompson*, 201 Kan. 608, 617, 443 P.2d 298, 307 (1968).[2] These issues, however, may be decided by the court when all of the evidence upon which a party relies is undisputed and susceptible of only one inference. *Union Pacific R.R. Co. v. Gen. Foods Corp.*, 654 F.Supp. 1074, 1078 (D.Kan.1987).

We have no trouble concluding at this stage of the litigation that the evidence, when viewed in a light most favorable to the plaintiff, is susceptible to more than one inference. As noted above, Deines has raised an issue of material fact as to the adequacy of the warnings on the Model 605C Vermeer hay baler. Given this question of fact, the court is in no position to determine what percentage of the fault, if any, is attributable to plaintiff. The summary judgment motion of defendant Vermeer Manufacturing regarding the comparative negligence of the parties will be denied.

IT IS THEREFORE ORDERED that the summary judgment motion of defendant Vermeer Manufacturing (Doc. No. 57) is hereby denied.

---

**2.** Normally, the presence or absence of negligence in any degree is not subject to determination by the court on summary judgment, for such determination should be left to the trier of facts, and it is only when it can be said that reasonable men cannot reach differing conclusions from the same evidence that the issue may be decided as a question of law. *Welch v. Young*, 225 Kan. 189, 192, 589 P.2d 567, 570 (1979); *Every v. Jefferson Ins. Co. of New York*, 4 Kan.App.2d 715, 717, 610 P.2d 645, 647 (1980).